Missouri, Kansas & Texas Railway Company of Texas v.
Wm. H. Briscoe.

No. 1951.  Decided June 9, 1909.

**1.—Practice in Supreme Court—Assignment of Error.**

An assignment in the Supreme Court of error in a charge given by the trial court can not be considered where it raises a question of law as to the correctness of such charge which was not presented in the Court of Civil Appeals. (Pp. 508, 509).

**2.—Charge—Negligence—Assuming Facts.**

In an action to recover for injuries caused to a footman walking through railway yards, by being struck by moving cars, an instruction that, if plaintiff was a licensee, and not a trespasser, his right to recover would depend upon whether or not he was negligent, was erroneous, as assuming that the facts established negligence on the part of defendant. (P. 509)

**3.—Negligence—Charge—Lookout in Switching Cars.**

An instruction which submitted the issue of negligence on the part of a railway in failing to provide an employe to ride on moving cars switched in its yards, for the protection of persons who might be passing through same, was not warranted by evidence which showed that one was so employed, but was negligent in the discharge of the duty. (Pp. 509, 510).

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Briscoe sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*Garnett & Eldridge,* for plaintiff in error.—Plaintiff was guilty of negligence, as a matter of law, and can not recover damages of the railway company because of his own negligence. Gulf, C. & S. F. Ry. v. Matthews, 100 Texas, 63; Texas M. Ry. v. Byrd, 115 S. W., 1165; International & G. N. Ry. v. Ploeger, 96 S. W., 58; Texas & N. O. Ry. v. Hare, 4 Texas Civ. App., 18.

The following authorities state the law where a person is injured in the railway yards: Missouri, K. & T. Ry. v. Cowles, 29 Texas Civ. App., 156; Gulf, C. & S. F. Ry. v. Wilkins, 32 S. W., 352; 3 Elliott on Railroads, sec. 1258.

The following authority holds that the court may take a case from the jury where the negligence of plaintiff is shown by his own testimony: International & G. N. Ry. v. Edwards, 100 Texas, 22.

Plaintiff was guilty of negligence, as a matter of law, in stepping from a safe place to a point behind said box car without first looking to ascertain whether any cars or engines were on said track approaching the car which he intended to and did step behind. International & G. N. Ry. v. Edwards, 100 Texas, 22; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 73; Missouri, K. & T. Ry. v. Cowles, 29 Texas Civ. App., 156; Texas & N. O. Ry. Co. v. McDonald, 99 Texas, 207; 4 Elliott on Railroads, 1252; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 196.

For authorities holding that injured person can not recover where he attempts to cross the track without looking to see whether an engine or cars are approaching: International & G. N. Ry. v. Edwards, 100 Texas, 22; Houston & T. C. Ry. v. Kauffmann, 101 S. W., 817; Texas & P. Ry. v. Fuller, 5 Texas Civ. App., 660; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 73; Sabine & E. T. Ry. v. Dean, 76 Texas, 73.

*Stuart & Bell,* for defendant in error.—The fact that a railway company is using its yards in the daytime for the purpose of switching, shifting and storing its cars, does not absolve it from its obligation to licensees in said yard. Gulf, C. & S. F. Ry. Co. v.

Matthews, 99 Texas, 160; Gulf, C. & S. F. Ry. Co. v. Miller, 98 Texas, 267; Gulf, C. & S. F. Ry. Co. v. Miller, 35 Texas Civ. App., 116; Washington v. Railroad Co., 90 Texas, 314; Lee v. Railroad Co., 89 Texas, 583; Texas & P. Ry. Co. v. Watkins, 88 Texas, 24; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348; Railway Co. v. Crosnoe, 72 Texas, 79-85; Houston & T. C. Ry. Co. v. Turner, 99 Texas, 547.

The charge of the court is to be construed as a whole. The defect in the sixth section of the court's charge was simply one of omission, and an inspection of the entire charge will show that the defect was cured. Therefore the error of the court in the sixth section of his charge is not reversible. International & G. N. R. Co. v. Van Hoesen, 99 Texas, 646; Hargis v. Railway Co., 75 Texas, 22; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas, 427; Pridham v. Weddington, 74 Texas, 35; Moore v. Moore, 73 Texas, 382; Railway Co. v. Douglas, 73 Texas, 325; Bagby v. Birmingham, 23 Texas, 453; Houston & T. C. R. R. Co. v. Finn, 107 S. W., 94.

Mr. Justice Brown delivered the opinion of the court.

The Missouri, Kansas & Texas Railway Company of Texas owns and operates a line of railroad which passes through the city of Gainesville, in Cooke County, at which city it has depot buildings, yards, tracks, and all such things as are necessary to the operation of its road. The names of the different streets are unimportant, and we will not undertake to give their names or the directions in which they run. The evidence showed that for many years the public had, without objection on the part of the company, used the railroad yards at and near the point where appellee was injured as a passway for footmen, walking between the rails of the different tracks and between the different tracks and engaging in sports in the yards. Briscoe had frequently passed through the said yards without objection by any agent or officer of the railroad company. There was a freight depot building situated upon the said yards with a platform on the east side of it. East of and near to the platform was the house track of the railroad which was used for the purpose of placing cars at the platform of the depot building to be loaded or unloaded. East of the house track was the main track of the railroad upon which trains coming in and going out of the city passed. On the occasion when the defendant in error was injured a car was standing at the platform of the depot building on the house track and was being loaded with furniture by the employes of the company. North of this car and some distance from it on the same track was a switch engine attached to cars which the employes intended to attach to the car standing at the platform. The defendant in error desiring to pass over the yards of the railroad company entered upon the house track at a point south of where the car was standing and walked between the rails of that track north until he came near to the standing car when he stepped off the house track on to the space between it and the main track, at which time a passenger train, running at a speed of about twenty miles an hour, was near to that place going southward. To avoid that train the

defendant in error stepped back upon the house track south of and near to the car which was standing thereon. About this time the switch engine with the cars attached moved down to and struck the standing car, which caused it to move southward, knocking Briscoe down and injuring him. The employes upon the switch engine and the cars attached to it could not see Briscoe where he stood south of the standing car, neither could Briscoe see the engine, the cars, nor the employes thereon.

Upon a trial in the District Court of Cooke County judgment was rendered in favor of Briscoe, which was affirmed by the Court of Civil Appeals.

The ninth assignment of error in the application for writ of error challenges the correctness of the following charge given by the court to the jury:

"What is known as the 'house track' is the private property of the defendant railway company and was not intended for the use of pedestrians, and ordinarily anyone injured upon the house track, as plaintiff was injured, would be what is known as a trespasser; and if you should believe from the evidence that the plaintiff was a trespasser, you will find for the defendant; but notwithstanding this, if that portion of the 'house track' where the plaintiff was injured had for a series of years been habitually walked on and crossed by persons other than the employes of the railway company without objection or protest and had in like manner been used as a footpath for pedestrians, then the plaintiff would not have been a trespasser, and his right to recover would depend upon whether or not he was negligent."

In this court the appellant submitted the following proposition under that assignment:

"Said sixth paragraph of the court's charge is error because it in effect instructs the jury that his right to recover depends upon whether or not he was negligent. Such is not the law, as his right to recover depends upon, not only whether or not he was negligent, but also, and principally, upon whether or not defendant was negligent and whether or not such negligence of defendant, if any, was the proximate cause of the injury."

In the Court of Civil Appeals the plaintiff in error submitted said assignment upon the following proposition:

"Where the railway company is actually using its house track in its yards in the daytime for the purpose of switching, shifting and storing its cars, an adult person must take notice that if any implied license ever existed that persons on foot might walk or stand between the rails of said house track, in said yards, that such license for the time being has been withdrawn; and if at such time he does walk or stand between the rails of such track—having no business with the company—he is negligent and a naked trespasser, and can not recover for injuries sustained, in the absence of showing that his peril was discovered before injury; hence the court erred in giving said sixth paragraph of its charge to the jury."

The point urged against the charge in this court is very different from that urged in the Court of Civil Appeals, therefore, we can not

consider that assignment as presented here, because it was not presented in that court. (Gulf, C. & S. F. Ry. Co. v. Shelton, 96 Texas, 301.)

Notwithstanding we can not consider the assignment for the purpose of reversing the judgment, we think it proper, in view of another trial, to say that the charge was incorrect in this, that the liability of the railroad company to the plaintiff depended upon whether it was negligent and whether such negligence caused the injury. The charge assumed those facts as true and told the jury that the plaintiff was entitled to recover unless he was negligent, or was a trespasser. It was error for the court to assume as true a fact which was in dispute between the parties.

The trial court gave to the jury the following charge: "If you believe from the evidence that no brakeman or other employe of defendant rode the south car that was being propelled by the switch crew, and that ordinary care required that some employe should ride said car in a position to see the track ahead, and that the failure to have an employe to so ride said car was the cause of the accident, you will find for the plaintiff, provided you should further believe that the plaintiff was not a trespasser or himself guilty of negligence."

That charge is objected to by the plaintiff in error because the undisputed testimony shows that if there had been a man upon the south car, as stated in the charge, he could not have seen Briscoe at the place where he was, behind the south end of the standing car, therefore the fact that no man was on the south car could not create liability, as he could not have given Briscoe warning if he had been on that car. Briscoe testified that when he was standing on the track south of the car which was being loaded he could not see the switch engine nor the men north of the standing car, also that the men on the moving cars could not see him. There was no evidence which justified the submission of that issue to the jury.

Counsel for defendant in error insist that the charge should be sustained because there was evidence that the railroad company had a man employed whose duty it was to be on the south car and to see that no person should be injured in making the coupling. The issue submitted by the fourth paragraph of the charge was upon the general duty of the company to use ordinary care, resting plaintiff's right to recover upon the failure of the railroad in that respect. The evidence pointed out would tend to show that the railroad company had exercised proper care in furnishing a man for that service, whose negligence caused the injury. That issue would be entirely different from that submitted, and the evidence which would authorize a recovery under the one would not sustain such recovery under the other. The charge which submitted the issue of failure to perform the general duty of exercising ordinary care is not sustained by evidence of the failure of an employe to perform the particular duty of "field man."

We are of opinion that the error in giving the fourth paragraph of the charge requires a reversal of the judgments of the District Court and Court of Civil Appeals, and it is therefore so ordered

that the judgments of said courts be reversed and that this cause be remanded to the District Court of Cooke County and that defendant in error pay all costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*