MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. R. M. MAXWELL.

No. 2188. Decided February 21, 1912.

**1.—Practice in Supreme Court—Assignment of Error.**

An assignment not made or presenting a different ground from that made in the Court of Civil Appeals will not be considered by the Supreme Court. (P. 635.)

**2.—Assignment of Error—Charge—Conflict in Evidence.**

Where a peremptory charge to find for plaintiff is erroneous only because it ignores evidence raising an issue of fact as to the negligence relied on for recovery, it is not sufficient merely to assign the giving of it as error. The assignment should show why it was erroneous to give it. (Pp. 634, 635.)

**3.—Assignment—Charge—Fundamental Error.**

Instructions considered and held not to present such error of law apparent on the face of the record as to require consideration in the absence of an assignment of error presenting the ground of complaint against them. (P. 635.)

**4.—Passenger—Carrying Beyond Station.**

Evidence considered and held to present no conflict as to the fact that a passenger was wrongfully carried beyond the station of her destination, the conflict being only as to how far so carried, and affecting only the amount of damages, not the right to recover. (Pp. 635, 636.)

**5.—Charge—Invited Error.**

Appellant can not complain of an instruction by the court because it treated the issues in a certain manner, where his own requested charge so treated them. (P. 636.)

Error to the Court of Civil Appeals, Third District, in an appeal from Williamson County.

The railway company obtained writ of error on the affirmance on appeal of a judgment recovered by Maxwell against it.

*Coke, Miller & Coke, W. E. Spell* and *Luther Nickels,* for plaintiff in error.—If the appellant did not stop its train, at the time in question, at the usual and customary place at Georgetown, and if such place was a suitable one for the discharge of its passengers and if it afforded plaintiff's wife a reasonable opportunity to disembark therefrom, it had discharged its duty towards plaintiff's wife; and the evidence upon each of said issues being conflicting, it was for the jury, under proper instructions from the court, to say whether or not appellant was liable to plaintiff, even in nominal damages. Railway Co. v. Harrison, 32 Texas Civ. App., 368; Railway Co. v. Mitchell, 26 S. W., 154; Railway Co. v. Woods, 8 Texas Civ. App., 462; Elliott on Railroads, sec. 1628 in the case in Note 10; 2 White, Personal Injuries on Railroads, secs. 723, 708, 706, 724; Railway Co. v. Tittle, 115 S. W., 641; Railway Co. v. Bagby, 115 S. W., 859; Railway Co. v. McGrew, 115 S. W., 244.

*Fisher & Allison* and *F. D. Love,* for defendant in error Maxwell.

*Cochran & Penn,* for Pullman Co.

Mr. Justice Dibrell delivered the opinion of the court.

This suit was brought by R. M. Maxwell in the District Court of Williamson County against the Missouri, Kansas & Texas Railway Company of Texas and the Pullman Company to recover damages alleged to have been received by his wife on October 28, 1908. It was alleged that plaintiff's wife on the day before said date, being in the city of Dallas, Texas, purchased and paid for a ticket which entitled her to transportation over defendant railway company's road from Dallas to Georgetown, and likewise purchased and paid for a ticket from the defendant Pullman Company which entitled her to a berth in which to sleep while en route from and to said points. That on the day alleged she, by virtue of her contracts with said defendants, became and was a passenger on defendant railway company's train and defendant Pullman Company's sleeping car, and was traveling alone with her little child about one year old, weighing about twenty-five pounds, and that she notified the agents of both defendants to wake her up in time to dress and to alight from the train at Georgetown. That at that time the train was due to arrive at Georgetown before daylight, and that she was awakened by the Pullman porter sometime before reaching Georgetown, and that the agents of defendants, knowing that plaintiff's wife was alone with her little child and luggage and that she could not alight without assistance, the porter of the sleeping car, as was his duty, agreed with and promised plaintiff's wife to notify her upon the arrival of said train at the depot and station in Georgetown and to come and assist her to alight from said train. That she relied upon her contracts with defendants and the statement of said Pullman porter that he would notify her when the train arrived at the station in Georgetown, and that it was very dark when the train passed the Georgetown station and the windows and curtains of the sleeping car were shut down so that she could not see out and tell that the train was at the depot at Georgetown and did not know when the train arrived there, which

TEXAS SUPREME COURT REPORTS, VOL. 104. [*February,*

fact the servants in charge of said train well knew. That at no time did any of the servants either of said railway company or said Pullman company inform her that the train was at the said depot and station, or offer to assist her to alight from said train, but negligently carried her by and beyond said station and caused her to alight about one-half mile from the station, in the dark, and without any one to assist her back to the depot with her child and baggage. That when she alighted from the train at said point she thought and was made to believe by defendants' servants that she was alighting at the station. That by reason of such facts she was greatly frightened, her nervous system impaired and that certain serious physical injuries were by her sustained.

The railroad company answered by a general demurrer, general denial and pleaded specially that it was a separate and distinct corporation from its codefendant, Pullman company, and that it was not liable for the negligence of said company, and set forth with great particularity its contractual relation with that company. The railway company asked that in the event plaintiff recovered judgment against it that it have judgment over against the Pullman company for a like amount.

The Pullman company answered by general demurrer, general denial and certain special pleas.

The cause was tried with a jury and a verdict rendered for plaintiff for $4,000 against the railroad company, and in favor of the Pullman company against both plaintiff and the railroad company.

An appeal was prosecuted by the railroad company, and in the Honorable Court of Civil Appeals the judgment for plaintiff against the defendant railway company and against plaintiff in favor of the Pullman company was affirmed, but reversed as to the judgment in favor of the Pullman company against the railroad company. The cause is before this court upon writ of error as to the controversy alone between plaintiff, Maxwell, and the defendant railway company.

Plaintiff in error assigns in this court two errors, one of which was improperly assigned and the other not assigned at all in the Court of Civil Appeals. Both assignments relate to the same subject matter and as to consideration by this court are in the same attitude, and will be treated together. The assignment made in the Court of Civil Appeals, but not specifying the ground urged and relied upon here, is that the Court of Civil Appeals erred in not sustaining the assignment complaining of the fourth paragraph of the court's charge, as follows: "In this case, you are instructed to return a verdict in favor of the plaintiff against the defendant, the Missouri, K. & T. Ry. Co. of Texas for nominal damages, and for substantial damages in case you find plaintiff is entitled thereto under other portions of this charge." The Honorable Court of Civil Appeals in affirming the judgment as to the plaintiff in error declined to consider this assignment of error upon the ground urged in this court, for the reason that neither the assignment nor any proposition thereunder based the ground of complaint to the charge upon a conflict in the evidence as to whether or not the plaintiff in error was negligent in failing under the circumstances to notify Mrs. Maxwell of the train's arrival at the station in Georgetown at the time

it was shown to have first stopped, and as to whether Mrs. Maxwell was taken beyond the station where she was caused to alight from plaintiff in error's train. In this ruling we think the Court of Civil Appeals correct. The statute, article 1018, is mandatory in its requirements that the appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. It is not enough to make an assignment of error complaining of an act or omission of the court, but where the reason is not shown in the assignment itself, the reasons upon which the complaint is based are required to be given. Where the statute is not complied with in this respect such ground or reason of complaint will be treated as waived. This omission can not be supplied in the Court of Civil Appeals or in the Supreme Court.

While the first assignment in this court properly presents the ground upon which complaint is based, yet no such ground was presented in the Court of Civil Appeals. The established practice in this court is that an assignment not made or presenting a different ground from that made in the Court of Civil Appeals will not be considered in this court. Desmuke v. Houston, 89 Texas, 17; Missouri, K. & T. Ry. Co. of Texas v. Briscoe, 102 Texas, 508; Gulf, C. & S. F. Ry. Co. v. Shelton, 96 Texas, 301.

The other assignment not made in the Court of Civil Appeals is that that court erred in not reversing the case because of fundamental error committed by the trial court in giving to the jury the following charge complained of in the sixth paragraph: "If you believe from the evidence that plaintiff's wife, by reason of being put off the train at said point south of the depot, was compelled to walk to the depot in the dark, and to carry a child and a suitcase, and that as a direct and proximate result of being so put off of said train at such point, she suffered the injury, or any of the injuries alleged in plaintiff's petition, then you will award the plaintiff such amount of damage as you believe from all the facts and circumstances in evidence will reasonably compensate his wife for the mental and physical pain, if any, suffered by her by reason of such injuries, and for the mental and physical pain, if any, that you may believe from the evidence will be suffered by her in the future, by reason of such injuries."

It is true the rule adopted for preparing a case in the Court of Civil Appeals (No. 23) provides that where the assignment of error fails to distinctly specify the grounds relied upon, the same may be considered if the error is one of law that is apparent upon the record. This rule is but the recognition of the doctrine of fundamental error, as laid down in our earlier decisions, and to a certain degree is a limitation upon that doctrine. It may not be of profit to further pursue this discussion, but it will be sufficient to say that we agree with the learned Chief Justice of the Court of Civil Appeals in the view that the assignments present no error of law that is apparent upon the record.

We are of opinion that a consideration of the assignments would not lead to a different result than that reached by the Court of Civil Appeals, as there is no conflict in the evidence that we have been able to discover upon the point embraced in the charges complained of. That plaintiff's wife was told to take her seat in the rear of the sleeper and

wait until she was notified that the train had arrived at the station in Georgetown, the point of her destination, is not disputed by any testimony in the record that we have been able to find, and no witness testified that she was in any manner notified that the train had reached the station at the time it first stopped. Her testimony that the Pullman porter told her to keep her seat and that when the train arrived at the station he would come back and notify her and assist her to alight therefrom, was not contradicted by any witness that testified in the case. That it was dark and the window and curtains were down and that plaintiff's wife could not see out of the car is not denied. It is not denied by any testimony in the record that plaintiff's wife was taken beyond the station and caused to alight from the train under the impression that she was at the station, and left in the dark and alone with her baby one year old weighing about twenty-five pounds and a suitcase of about the same weight to carry a distance ranging from 300 feet to 800 yards. This certainly entitled plaintiff to nominal damages, for the negligence in taking plaintiff's wife beyond the station was manifestly proven without the slightest contradiction in the testimony. From the pleadings of the defendants and special charges requested it seems to have been conceded that plaintiff's wife was caused to alight at a place beyond the station and under such circumstances as to entitle plaintiff to nominal damages. The conflict in the testimony with regard to the distance beyond the station where defendant in error's wife was caused to embark from the train has no bearing upon any issue in the case, except upon the question of substantial damages. Such testimony was not offered for the purpose of showing that Mrs. Maxwell left the train at the station or at a point where passengers were usually discharged, and did not tend to establish that fact. Its purpose and effect was to magnify, lessen or deny plaintiff's right to substantial damages.

We think the doctrine of invited error is applicable to the facts of this case, as shown by the opinion of the Honorable Court of Civil Appeals, if it were admitted that there was in the record any disputed fact relating to the negligence of the railroad company as embodied in the charges of the court complained of.

We do not find any error in the judgment of the Court of Civil Appeals requiring a different disposition of the case, and the judgment of that court is therefore affirmed.

*Affirmed.*