## TRAMEL et al. v. GUARANTY STATE BANK & TRUST CO. (No. 1456.)

(Court of Civil Appeals of Texas. Texarkana. April 15, 1915.)

**1. PARTNERSHIP ☞219 — ACTIONS AGAINST DISMISSAL AS TO PARTNER NOT SERVED—EFFECT.**

Where an action against a partnership and the three members thereof was dismissed as to one partner for failure to procure service on him, no judgment could be rendered against the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. ☞219.]

**2. APPEAL AND ERROR ☞733—ASSIGNMENT OF ERROR—SUFFICIENCY.**

Assignments of error that the return on a citation showing service in a particular name will not support a judgment by default is a legal proposition, not an assignment of error, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. ☞733.]

**3. APPEAL AND ERROR ☞719 — QUESTIONS PRESENTED FOR REVIEW—NECESSITY OF ASSIGNMENT OF ERROR—DEFECT IN SERVICE.**

A defect in the service of a citation is not fundamental, and will not be considered in the absence of an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Guaranty State Bank & Trust Company against Thomas Tramel and others. Judgment for the plaintiff by default, and Tramel and others bring error. Reformed and affirmed.

Harry R. Bondies, of Sweetwater, for plaintiffs in error. Leake & Henry, of Dallas, for defendant in error.

HODGES, J. [1] This appeal is from a judgment by default rendered in the court below in favor of the defendant in error against the plaintiffs in error Tramel, McCaulley & Haley, a partnership, and against Tramel and McCaulley personally. It appears that Haley was not served, and the plaintiff below dismissed as to him. Defendant in error concedes that by reason of this dismissal the court below was without authority to render a judgment against the partnership of which Haley was a member, and that the judgment should be reformed in that respect.

[2] Defendant in error objects to the consideration of what are termed the second and third assignments of error presented in

the brief of plaintiffs in error. The second assignment of error is as follows:

"The return on a citation showing service by delivering to R. L. McCaulley 10 a. m., Thomas Tramel 10:20 a. m., the within named defendants in person, a true copy of this writ, together with a certified copy of plaintiff's original petition, will not support a judgment by default."

The third assignment of error is similar in form to the above. It is contended that these are really not assignments of error, but mere legal propositions, and we think the contention is correct. They point out no ruling of the trial court to which objection is made and which is to be reviewed by this court. Moore v. Chamberlain (Civ. App.) 152 S. W. 195; M., K. & T. Ry. Co. v. Gober (Civ. App.) 125 S. W. 383, and cases cited; McCormick v. Kampman (Civ. App.) 109 S. W. 492.

[3] A defect in the service of the citation is not fundamental, and will not be considered in the absence of an assignment of error. Roy v. Bremond, 22 Tex. 626; Morrison v. Walker, 22 Tex. 18; Oar v. Davis, 105 Tex. 479, 151 S. W. 794.

The judgment will be reformed as indicated above, and, as reformed, will be affirmed.