LONE STAR INS. UNION v. BRANNAN.*
(No. 5558.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1916. On Motion for Rehearing, April 5, 1916.)

1. INSURANCE ☞755(2) — LIFE INSURANCE — WAIVER OF FORFEITURE—POWERS OF OFFICERS—MATERIALITY.

Whether the local agent of an insurance company was authorized to waive the forfeiture provisions of the policy is immaterial, where the jury found that the general manager waived such conditions.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1908; Dec. Dig. ☞755(2).]

On Motion for Rehearing.

2. APPEAL AND ERROR ☞1070(2) — FUNDAMENTAL ERROR—REVERSAL.

Where the judgment may be sufficiently supported by three unassailed special findings of the jury, a fourth finding, though it might be erroneous, is not fundamental error and does not require reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4232, 4233; Dec. Dig. ☞1070(2).]

3. INSURANCE ☞755(1) — LIFE INSURANCE — FORFEITURE—ESTOPPEL.

Where the policy or benefit certificate provides for termination on failure to pay premiums or dues, without affirmative act of the insurer, conduct of the insurer misleading the insured to his expense or harm may estop the insurer from asserting forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1907; Dec. Dig. ☞755(1).]

4. INSURANCE ☞755(1) — LIFE INSURANCE — FORFEITURE—ESTOPPEL—EVIDENCE.

Where the insurer's general manager sent duplicate notices of delinquency and treated deceased as a member until five days after her death although she failed to pay, and he failed to furnish blanks for reinstatement, as required by the policy, or to instruct the local agent as to procedure against delinquents, a strong case of estoppel to plead forfeiture was made out, though the forfeiture provisions may have been self-executing.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1907; Dec. Dig. ☞755(1).]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Robert Brannan against the Lone Star Insurance Union. Judgment for plaintiff, and defendant appeals. Affirmed.

Marcus W. Davis and Geo. M. Mayer, both of San Antonio, for appellant. C. A. Keller, of San Antonio, for appellee.

MOURSUND, J. Robert Brannan sued appellant upon an insurance policy for $1,000, issued to his deceased wife, Marguerite Brannan, alleging that she had in all respects complied with the conditions and provisions of same, and that due notice of her death had been given, and in the alternative, if it should be found that Mrs. Brannan had not complied with the conditions and provisions of the policy, that such noncompliance was waived by appellant; the acts relied upon as showing waiver being fully pleaded. Appellant put in issue all the material allegations of the petition, and specially pleaded that Mrs. Brannan had not paid assessment No. 103, due by her, within the time prescribed by its constitution and by-laws, and therefore she had forfeited her membership and her policy, and specially denied that it had waived any provisions of the constitution or by-laws.

The case was submitted upon special issues, which, with their answers, are as follows:

"Question No. 1. Was the course of dealing on the part of the defendant with the insured, Marguerite Brannan, with respect to the payment of the assessment on account of the policy sued upon, such as were reasonably calculated to, and did actually, induce the said Marguerite Brannan to believe that the strict performance of the terms of the policy with regard to the prompt payment of assessments would not be insisted upon or required by the defendant, and that payment of delinquent premiums would be received by the defendant within a reasonable time after default and with the understanding between said parties that the contract would not, on such account, lapse or become forfeited? Answer: 'Yes.'

"Question No. 2. If you answer the foregoing question, 'Yes,' then, was the failure to pay, prior to her death, the premium on said policy, induced and caused by such prior course of dealing, if any, which may have existed between said parties (if any such course of dealing did exist)? Answer: 'Yes.'

"Question No. 3. Considering such course of conduct, if any, was the tender, shown by the evidence to have been made by the plaintiff to Joe Murray, made within a reasonable time after the notice of assessment for which such tender was made? Answer: 'Yes.'

"Question No. 4. The policy of insurance sued upon contains the following provision: 'Should a suspended member personally appear and apply for reinstatement within three months from the date of his suspension, and pay all arrearages, if in good health, he shall be restored to membership and his policy again become valid as soon as said payment shall have been received and recorded by the clerk of his division.' Were the delinquent payments which the evidence shows to have been paid by or for the insured and received by Joe Murray received by said Murray (a) as payment of original assessments without reference to the clause above quoted, or (b) were such payments received by Joe Murray for the purpose of reinstatement under the stipulations in said policy, above quoted? Answer: Delinquent payments paid by or for plaintiff were received by Joe Murray (a) as payment of original assessments without reference to the clause quoted.

"Question No. 5. In case you have found, in answer to the preceding question, that said delinquent payments were received by Joe Murray as original payments and not under the authority of the provisions of the policy quoted in the preceding question, then, you will answer whether or not Worth Duncan, general manager of the defendant, knew that said Mur-

ray was so receiving such payments (if you find he did so receive the same). Answer: 'He did.' "

Judgment was entered upon the verdict for plaintiff for $1,131.15.

[1] Appellant does not question the sufficiency of the evidence to sustain the findings of the jury, but by two assignments presents the sole contention that the evidence shows that Joe Murray was merely its local collector without power to waive any of the provisions or conditions contained in the policy. This proposition may be conceded to be correct, and was doubtless conceded by the trial court, for an issue was submitted whether the general manager of appellant knew of Murray's transactions with regard to receiving payment of delinquent assessments. This issue was decided against appellant, and the finding is not attacked. As the general manager knew of and permitted the business to be conducted by Murray in the manner relied upon as waiving the provisions of the policy, it appears that the question of Murray's authority is not material.

No other question having been raised, the judgment is affirmed.

### On Motion for Rehearing.

As stated in our former opinion, there are no assignments which specifically attack any of the findings of the jury as being without evidence to support them.

The first assignment complains of the action of the court in refusing the motion of defendant to peremptorily instruct the jury to return a verdict for defendant, the reason stated being that the undisputed evidence showed that the local secretary and collector of defendant was appointed for the convenience of the members only, and had no power to waive any of the provisions or conditions contained in the policy. No reason was given in the motion for a peremptory instruction as to why defendant considered itself entitled to such action by the court.

The second assignment complains that the verdict and judgment are contrary to the law and the evidence, because the authority of the local collector is limited by the contract, with notice of which the insured and beneficiary were charged.

[2] The issues submitted are copied in our former opinion. No objection was made to the submission of any of the same, and the trial court was therefore not apprised until the motion for new trial was filed, of the reasons relied upon by defendant. Those reasons are set out in the two assignments of error, which, in order to justify us in considering them, have been held to be substantial copies of the paragraphs of the motion for new trial. Appellant has conceived the idea that this court is of the opinion that the entire judgment must rest upon the truth of the finding that Duncan, the general manager, knew of the method in which the local collector transacted business. It therefore contends, on motion for rehearing, that the evidence is insufficient to support the fifth finding, and that this is a fundamental error. It is not apparent to us that the judgment cannot be sustained upon the first three findings of the jury. In fact, in order to determine whether or not it can be sustained thereon, we would be required to read all of the evidence. The error, therefore, if error there be, in the answer to the fifth finding, cannot be said to be one going to the foundation of the case. Aside from that, the question whether such answer is supported by the evidence is purely a question of fact, the examination of which requires a careful study and weighing of all the evidence. We conclude that under the authority of the following cases we should hold that no question of fundamental error is presented: Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 533, 124 S. W. 85; M., K. & T. Ry. v. Maxwell, 104 Tex. 632, 143 S. W. 1147; Oar v. Davis, 105 Tex. 479, 151 S. W. 795.

[3] We believe, however, that, were we authorized to go into the questions argued by appellant, we would not be justified in holding the evidence insufficient to support the verdict and judgment. As we understand the cases, there can be no doubt that, even where the contract or benefit certificate is such that failure to pay premiums or dues within the designated time terminates it without affirmative action on the part of the insurer, there may be an estoppel by reason of conduct on the part of the insurer misleading the insured to his expense or harm.

In the case of Hawkins v. Lone Star Ins. Union, 146 S. W. 1041, the same contract as is herein sued upon was construed and the provision relating to forfeiture of membership for nonpayment of assessments held to be self-executing. The decision of such question was perhaps not necessary, as the evidence showed that a letter had been sent to the insured which showed that it would be necessary for her to be reinstated, thus showing that a forfeiture had actually been entered. A very similar provision was held not self-executing in the case of Northwestern Traveling Men's Ass'n v. Schauss, 148 Ill. 304, 35 N. E. 747.

[4] The evidence discloses a very strong case of the general manager of the company construing the provision in regard to forfeiture of membership as not self-executing, for he invariably sent second notices just like the first notice, and, although Mrs. Brannan was often delinquent, he never notified her she had forfeited membership, but always treated her as still a member, and in fact, indorsed on the proof of death the words, "Lapsed 10/18," showing that she was treated as a member until five days after her death. But if it be conceded that the provision was self-executing, still the course

of conduct with reference thereto by the general officers is very pertinent upon the issue of estoppel; for it is well calculated to mislead the insured. In addition, we notice that, while the general manager in a general way seeks to repudiate the acts of Murray, he does not contend that he ever instructed Murray to notify members they were suspended or to use any different method with regard to collection of delinquent assessments than those not delinquent. He furnished no blanks for reinstatements, the receipts were general, and neither such receipts nor the reports to him by Murray contained any statement concerning reinstatements.

The motion is overruled.