LEVY v. ENGLE BROS. CO. (No. 5769.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1917.)

1. APPEAL AND ERROR ⬤⟳281(1) — REVIEW — PRESERVING QUESTIONS FOR REVIEW — ASSIGNMENTS OF ERROR.

Under Rev. St. 1911, art. 1612, the appellate court is not authorized to consider assignments not distinctly specified in appellant's motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661.]

2. APPEAL AND ERROR ⬤⟳293 — REVIEW — FUNDAMENTAL ERROR.

Where the pleadings allege a cause of action justifying judgment for some amount, the fact that the judgment was for an amount less than the facts required, or was rendered for that sum because of improper evidence, presents no fundamental error which would warrant a reversal, where the error assigned was not specified in appellant's motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1395, 1700–1703, 1705, 1706.]

3. APPEAL AND ERROR ⬤⟳501(5), 704(2) — REVIEW—ASSIGNMENTS OF ERROR.

A cross-assignment of error in appellee's brief assigning insufficiency of judgment will not be considered, where it does not appear by the record that appellee excepted to judgment and caused such exception to be noted on record as required by Rev. St. 1911, art. 1991, or that such assignment was filed in trial court, and no brief filed in appellate court contains trial court's certificate that such brief is copy of brief filed in trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2305, 2939, 2941.]

---

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the Engle Bros. Company against Ike Levy. Judgment for plaintiff, and defendant appeals. Affirmed.

Gordon Bullitt, of San Antonio, for appellant. Lipscomb & Lipscomb, of San Antonio, for appellee.

SWEARINGEN, J. This is a suit brought by appellees, Philip Engle, Jake Engle, and Max Engle, composing the firm of Engle Bros., against Ike Levy, appellant, to recover a broker's commission. Appellees alleged an express agreement of employment and compensation of $450, performance of agreed services, and failure to pay in their first amended petition, and in their trial amendment, in the alternative, alleged an express agreement of employment for reasonable compensation. Appellant demurred to both and denied all the allegations. The cause was submitted to the court without a jury, resulting in a judgment for appellees for $350. The record contains no statement of facts, but the court filed his findings of fact and conclusions of law.

[1] The error complained of in the first assignment was not distinctly specified in appellant's motion for new trial, and by article 1612 of the Revised Civil Statutes the appellate court is not authorized to consider the assignment. Counsel for appellant was evidently conscious of this rule and presents the first assignment as fundamental error.·

[2] The pleadings alleged a cause of action justifying judgment for some amount. If the judgment was for an amount less than the facts found by the court sustained, or was rendered for that sum because the court was influenced by improper evidence, no fundamental error is presented. Lone Star Ins. Union v. Brannan, 184 S. W. 691; Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 533, 124 S. W. 85; Railway v. Maxwell, 104 Tex. 632, 143 S. W. 1147; Oar v. Davis, 105 Tex. 479, 151 S. W. 794.

The second assignment fails as an assignment for the same reasons given above. The error was not distinctly specified in appellant's motion for new trial. It, too, is presented for the purpose of suggesting fundamental error. The error is that the court found as a fact that $15 of the commission had been paid by appellant to appellees, but the judgment failed to allow appellant credit for this sum. It is even admitted by appellees in their brief that this was error. However, it is not fundamental within the meaning of the statute authorizing the consideration of fundamental error without statutory assignments because the judgment rendered was for a greater or less amount than the evidence or court's finding of facts warranted. We are without authority to review the cause. .

[3] By cross-assignment of error appellees contend: The court erred in not entering judgment in plaintiffs' (appellees') favor for the sum of $485. It does not appear from the record that appellees excepted to the judgment and caused it to be noted on the record in the judgment entry as required by article 1991 of the Revised Civil Statutes. Furthermore, this cross-assignment does not appear from the record to have been filed in the trial court, but is incorporated in the briefs of appellees. However, there is no brief of appellees filed in this Court of Appeals in this cause containing a certificate of the trial court showing that it is a copy of the brief filed in the trial court. Gibbs v. Eastham, 143 S. W. 323. For the reasons above stated, this court is without authority to consider the cross-assignment. The error complained of is not a fundamental error.

There is no fundamental error of record, and we are without authority to consider the assignments and cross-assignment.

The judgment of the trial court is affirmed.