## HYMAN BLUM v. I. F. WHITWORTH.

(Case No. 5914.)

1. CHARGE OF COURT—PLEADINGS—The court should charge the jury in accordance with the interpretation of the pleadings acted upon by the parties.

2. PRACTICE—STATEMENT OF FACTS—A statement of facts made up by the court contained no proof of facts material to appellee's case. *Held*, the defect was no ground for reversal unless urged by an assignment.

3. HOMESTEAD—See opinion for use of property held to constitute it part of a homestead.

4. PRACTICE—ASSIGNMENTS—In order to be considered, assignments must specify what is complained of as error.

APPEAL from Bosque. Tried below before the Hon. J. M. Hall. The opinion states the facts.

*Wm. M. Flournoy*, for appellant.

No brief on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The verdict of the jury affirmed that the lots in controversy were the homestead of defendant at the date of the execution levy upon and sale of them, under which the plaintiff claimed. The three lots were sold under one judgment, but lots seven and eight were sold under one execution, and half of lot one under another. The defendant, after pleading not guilty, under which he could have claimed the exemption, pleaded specially that the plaintiff claimed the lots through an execution sale, describing only the deed to lots seven and eight, and prayed the cancellation of the deed as a cloud upon his title. It is now contended that the defendant, by these pleadings, confined his homestead claim to lots seven and eight, and that the court erred in submitting to the jury any such issue as to half of lot one. There was no objection on the trial to testimony offered by defendant in support of his homestead right in the half lot, nor was any instruction asked, or other step taken in the district court calling the attention of the court or the defendant to the supposed defect in his pleading. The construction insisted upon for the first time here seems to have been an after-thought. At all events, the plaintiff, it is clear, was not mislead by the defendant's pleading. The defendant, by his plea, claimed the land in controversy as exempt, and the reference to the deed, in which only a portion of the land was described, was evidently not intended or understood to limit the extent of the claim. The court did not err in instructing the jury in accordance with the interpretation of the pleadings acted upon by the parties.

The third assignment specifies no error, as has been repeatedly decided. The fourth and sixth assignments complain that the testimony did not show a homestead use or designation of the property for homestead uses at the time of the levy, through which plaintiff claimed. The statement of facts was made up by the court, and is exceedingly meager. It is almost certain that material facts were proved, which are not in the record. For instance, as presented here, there was no proof that defendant had any family. If the assignments urged this defect, the case would have to be reversed. But they treat the defendant as a person entitled to the exemption, and question only the use and destination. The connection between the lots in suit and those, or that upon which defendant resided, is not shown. He did not reside upon those involved in this case, but resided in the same town, and all his improvements on all the lots did not exceed $2,000 in value; the value of the naked lots was less than $500. On half of lot one was a livery stable, and about it were lots seven and eight. The stable was used for a private stable by the defendant, and the other two lots were enclosed, and used in connection with the stable. These are home uses. There was some conflict in the evidence, but there was enough testimony to justify the jury in believing that the property was used as stated, and the verdict is the proper expression of that belief.

The eighth assignment is that the court erred in overruling the plaintiff's motion for new trial. This is no specification of error. If there was error in cancelling both deeds, when the defendant only prayed for the cancellation of one, there is no assignment under which the point can be legitimately considered. The other assignments are not briefed, and are therefore not considered.

No error is presented in the record, and the judgment will therefore be affirmed.

AFFIRMED.

[Opinion delivered June 1, 1886.]