# THIRD DISTRICT, 1901.

Texas & Pacific Railway Company v. M. P. Middleton.

Decided December 4, 1901.

Venue—Railway—Connecting Carriers.

Under the Act of May 20, 1899 (Acts 26th Leg., p. 214) one of two or more connecting carriers transporting a shipment may be sued for injury to it in the county into which the other's line extends, but defendant's line does not, though such other carrier is not made a party.

Appeal from the County Court of Brown. Tried below before Hon. R. P. Conner.

*T. B. McCormick,* for appellant.

KEY, Associate Justice.—Appellee sued appellant in the County Court of Brown County to recover damages for injuries to a shipment of horses from Brownwood, in Brown County, to Waskom, Texas. The shipment was over the Fort Worth & Rio Grande Railway from Brownwood to Fort Worth, and over appellant's railway from Fort Worth to Waskom.

The Fort Worth & Rio Grande Railway was not made a party to the suit, and the defendant, the Texas & Pacific Railway Company, filed a plea of privilege, asserting that the venue of the suit was improperly laid in Brown County, because the defendant's road did not run through or into that county. The plea was in proper form, and should have been sustained, unless the act of the Twenty-sixth Legislature, entitled "An act to prescribe the parties to and venue of suits against railroad corporations," etc., approved May 20, 1899, authorized the suit to be brought in Brown County. The act referred to reads as follows:

"Section 1. That whenever any freight, baggage, or other property has been transported over two or more railroads operating any part of their roads in this State, and having an agent in this State, or operated by any assignee, trustee, or receiver of such railways, suit for loss or damages thereto or other cause of action connected therewith, or arising out of such transportation or contract in relation thereto, may be brought against any one or all of such railroad corporations, assignees, trustees, or receiver operating any of such railways in any county in which either of such railroads extend or is operated; provided, however, that if such damages be recovered against more than one carrier not partners in the shipment or contract, they shall be apportioned between

the defendants by the verdict of the jury and the judgment of the court, or by the judgment alone, should no jury be demanded; provided, this act shall not change venue in any case now pending.

"Sec. 2.    All laws in conflict herewith are hereby repealed; provided, that nothing in this act shall be construed to affect or repeal chapter 121 of the General Laws of the Twenty-fourth Legislature.

"Sec. 3.    There being in this State no adequate law permitting carriers not partners to be sued in one action and regulating the venue of suits against them, and there being a large and increasing amount of work on the calendar of the Legislature, an emergency and imperative public necessity exists that the constitutional rule requiring bills to be read on three several days be suspended, and that rule is now suspended, and it is so ordered; and further, this act shall take effect and be in force from and after its passage."    Acts 26th Leg., 214.

It is contended by appellant that the only purpose of this act was to authorize the plaintiff, when the shipment was over more than one road, and he had the right to sue one of the carriers in a particular county, to make the other carries parties defendant in the same suit, though they might not be partners with the first carrier; and the proviso in the first section and the first clause in the third section are relied on in support of this contention.

The provisions referred to evidently contemplate that actions would be brought under this statute against more than one carrier, but they do not necessarily imply that such action can not be brought against one carrier alone, although such carrier's road may not extend into the county where the suit is brought.    The first section expressly declares, in plain and unambiguous language, that if the shipment be made over two or more railroads operating any part of their roads in this State and having an agent in this State, any one or all of them may be sued in any county in which either of the roads extends or is operated.    It is this part of the statute that determines the question of venue and parties, and the other portions referred to by appellant do not change its meaning nor limit its scope.

This is the only question involved in this appeal; and, having decided it against appellant, the judgment will be affirmed.

*Affirmed*