ELIZABETH R. ELCAN ET AL. v. O. M. CHILDRESS.

Decided June 24, 1905.

**1.—Trespass to Try Title—Limitations—Pleading and Judgment.**

Where defendants in trespass to try title answered by joint pleas of limitation and their proof thereunder showed due adverse possession for the requisite period, a judgment thereupon in their favor was not vitiated by reason of the fact that their pleas of improvements in good faith indicated that they claimed distinct parts of the land in severalty.

**2.—Same—Pleas Aided by Judgment.**

Where defendants pleaded limitations of fine and ten years and proved without objection every element of those defenses, plaintiffs could not attack the sufficiency of the pleas to sustain the judgment thereon in defendant's favor by objections, raised for the first time after judgment. based upon defects such as might have been tenable on special demurrer.

**3.—Limitations—Adverse Possession—Remainderman.**

Where one in the possession of land is a stranger to the title of both the life tenant and the remainderman, the possession is adverse to both, and each has a right of action for recovery as soon as the adverse possession begins, and hence the possession will, where permitted to continue for the statutory period, bar the rights of both the life tenant and the remainderman.

**4.—Same—Disability—Burden of Proof.**

The party asserting a disability such as will prevent the operation of the statute of limitations has the burden of proving the disability.

**5.—Same—Tacking—Minority and Coverture.**

The disability of minority can not be tacked to that of coverture.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*John H. Morrow* and *Hardwicke & Hardwicke,* for appellants.—1. When the defendants rely alone on limitations to defeat plaintiff's recovery it is necessary that defendants plead limitation specially, and if the limitation as attempted to be plead fails to show limitation in that the pleas omit some of the essentials to establish limitation, plaintiffs having connected themselves with the sovereignty of the soil, are entitled to recover. Land Mfg. Co. v. Bridgeman, 1 Texas Civ. App., 383; Blackwell v. Patton, 23 Texas, 670; Portis v. Hill, 3 Texas, 280; Giddings v. Fischer, 77 S. W. Rep., 209; Simpson v. Johnson, 44 S. W. Rep., 1076; Townes Texas Pl., p. 426.

2. Limitation does not run against the remainderman during the life of the holder of the life estate. Cook v. Caswell, 81 Texas, 678; Govan v. Bynum, 17 Texas Civ. App., 180; Beatty v. Clymer, 75 S. W. Rep., 540.

*J. M. Wagstaff* and *E. N. Kirby,* for appellees.—1.   A plea sufficiently specific to put the adverse party on notice as to the defense relied on, is sufficient in the absence of an exception thereto.   Hodges v. Ross, 25 S. W. Rep., 975, and authorities there cited; Converse v. Ringer, 24 S. W. Rep., 707, and authorities cited.   That the plea was sufficient, see Baker v. Hamblen, 75 S. W. Rep., 362; Lynch v. Withers, 2 Bay (S. C.), 115; Travis v. Hall, 65 S. W. Rep., 1077; Hendricks v. Snediker, 30 Texas, 297; Gillis v. Rosenheimer, 64 Texas, 243.

2.   To defeat limitations by reason of coverture or minority a plaintiff must plead and prove the particular disability on which he relies. Hughes v. Lane, 25 Texas, 365; Childress v. Grim, 57 Texas, 59; Browning v. Pumphrey, 81 Texas, 167.

3.   Since one tenant in common may recover the possession of the whole land as against a trespasser, the owner of an undivided interest, who is also a reversioner, has a present right of entry as against a trespasser, and an adverse holding by a trespasser for the statutory period without suit by such owner will bar his right both as to his fee simple and reversionary interest.   Miller v. Foster, 13 S. W. Rep., 529; Dutton v. Thompson, 19 S. W. Rep., 1026; Alexander v. Kennedy, 19 Texas, 488; Lewis v. Pleasants, 30 N. E. Rep., 323; Lewis v. Pleasants, 32 N. E. Rep., 384; Lewis v. Barnhardt, 145 U. S., 56.

CONNER, CHIEF JUSTICE.—Appellants instituted this suit in trespass to try title in August, 1903, to recover an undivided half interest in a survey of 360 acres of land situated in Taylor County.   Appellees pleaded not guilty and the several statutes of limitation.   The case was tried by the court upon an agreed statement of facts, the trial resulting in a judgment for appellees.   The facts as agreed to, so far as necessary to recite, are as follows:

"That the land in controversy was patented to Charles P. Green, assignee of John Lowrie, on April 25, 1854, and is in Taylor County, Texas.   That Nathaniel T. Green was the heir at law and devisee of one-half of the property of said Charles P. Green, who died in Warren County, North Carolina, on or before November 1, 1843.   That Nathaniel T. Green died in the year 1874, leaving as his only heirs his wife, Lucy Alston Green, and the following children, to wit: S. P. Green, Fannie Somerville (a widow), Bettie Green, who married F. F. Thweatt, and Kate Green, who married J. J. Elcan.   That Lucy Alston Green, wife of said Nathaniel T. Green, died in June, 1899.   That Bettie Thweatt and F. F. Thweatt are both dead, leaving as their only heirs the following children, to wit, A Thweatt, W. G. Thweatt and R. F. Thweatt, each of whom is over twenty-one years of age and was on January 1, 1895.   That Kate Elcan is dead, leaving as her only heirs the following children, to wit: Elizabeth R. Elcan and Claud V. Elcan. Claud V. Elcan died unmarried about the first day of January, 1903, at the age of 24, leaving as his only heir Elizabeth R. Elcan, who was 28 years of age August 5, 1903.   That the defendants, Childress, Barnard and J. H. Landers and those under whom they claim have had the actual and exclusive, peaceable and adverse possession of all the land herein sued for by plaintiffs, since January, 1887, cultivating, using and enjoying the same under deeds duly recorded and paying the taxes

upon the same for more than five years next preceding the filing of this suit, to wit, August, 1903, and since January 1, 1903. That the claim of said defendants is inconsistent with and hostile to that of the plaintiffs. That Kate Elcan died in 1894. That J. J. Elcan, the husband of Kate Elcan, is yet living."

We find no reason for disturbing the judgment. It is indicated in pleas of improvements in good faith that appellees at the time of the trial claimed distinct parts of the survey of land in controversy in severalty. The admitted facts, however, show that appellees, and those under whom they claim, jointly had the actual, exclusive, peaceable and adverse possession of all the lands sued for since January, 1887, cultivating, using and enjoying the same and holding under deeds duly recorded and paying all taxes due for more than five years prior to the institution of the suit. The proof, therefore, is in accord with the joint pleas of limitation, and no defect in the judgment can be said to arise from the fact that such pleas were joint rather than several, and failed to specify by metes and bounds the several parcels claimed by appellees.

It is also urged that in the absence of an allegation of a "peaceable possession" in the plea of the ten year statute of limitation, and of a "cultivation, use or enjoyment" of the lands in controversy, in the plea of the five years statute, that the judgment can not be sustained. The pleas thus brought in review are as follows: "For further answer to said petition said defendants and each of them say that for more than ten years next preceding the filing of this suit, they and those under whom they claim, have had sole and exclusive possession of the premises described in the plaintiffs' petition, cultivating, using and enjoying the same, adversely to plaintiffs and those under whom they claim; wherefore they ask for judgment," etc. "For further answer to said petition, defendants and each of them say that for more than five years next preceding the filing of this suit, they have had the sole, exclusive, peaceable and adverse possession of the land described in plaintiff's petition, under title and color of title, and have paid taxes on the same when due, holding the same under deeds duly recorded in the office of the county clerk of Taylor County, Texas; wherefore they ask for judgment," etc. There was no exception to the sufficiency of these pleas, and no objection made to the evidence which establishes every material element of the defense, and we hence think it must now be held that the terms of the pleas are broad enough to support the judgment.

Upon the death of Nathaniel T. Green in 1874, his wife, Lucy Alston Green, and his children became joint tenants in right of possession. Hence as against trespassers—those showing no right—any one or more of them might have brought an action to recover. (McConnico v. Thompson, 19 Texas Civ. App., 539.) Limitation, therefore, began as against all entitled to sue in January, 1887, when by the admitted proof appellees took possession. The case is not one where the life estate extended to the whole, as in the cases of Cook v. Caswell, 81 Texas, 678; Govan v. Bynum, 17 Texas Civ. App., 180, and Beatty v. Clymer, 75 S. W. Rep., 540, cited by appellants. In such cases the remaindermen have no right to possession until the termination of the life estate, and hence, as to them, limitation will not run until then. But where,

as here shown, the possessor is a stranger to the title of both the life tenant and the remaindermen, the possession is adverse to both and each has, as before stated, right of action for recovery as soon as the adverse possession begins, and permitting this possession to continue for the statutory period will bar the right of both the life tenant and the remaindermen. From these conclusions it necessarily follows that the right of all of the appellants had been lost prior to the institution of this suit. This is clearly so as to all save possibly the heirs of Kate Elcan and Bettie Thweatt. The burden was upon those appellants to establish a disability, if any, that would relieve them from the operation of the statute. This burden has not been discharged. It is not shown, save inferentially perhaps, when Kate Elcan and Bettie Thweatt were married. The date of the death of the latter does not appear, and it does appear that her children had legal capacity to sue as early as January 1, 1895. If the statute was interrupted by the coverture of Kate Elcan prior to her death in 1894, it certainly immediately thereafter began to run, even though her children may have been minors, as in such case the disability of minority can not be tacked to that of coverture.

We conclude that the judgment must be affirmed.

*Affirmed.*

Writ of error refused.