GULF, C. & S. F. RY. CO. v. JUSTIN MILL & ELEVATOR CO.   (No. 7925.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914. Rehearing Denied May 23, 1914.)

1. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action against a railroad to recover for an alleged shortage in a shipment of wheat delivered by it, on the ground that it did not weigh as much as the invoice weights shown in the bills of lading, an instruction that, if the cars on arrival contained the same number of bushels as shown by the bills of lading, the road would not be liable was not objectionable as authorizing the jury to find for defendant only if the cars contained the amount shown by the bills of lading, nor as taking from the jury the question whether the plaintiff's scales weighed short, and the determination of what the shortage actually was.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

2. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.

Where the instructions given fairly submitted the case, a requested charge, which would have been but a repetition, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. APPEAL AND ERROR (§ 216*) — OBJECTION BELOW—REQUESTED INSTRUCTION.

In an elevator company's action against a carrier to recover an alleged shortage in a shipment of wheat, an instruction requiring plaintiff to show, by a preponderance of the evidence, that there was a shortage, if not sufficiently definite upon the burden of proof, was not ground for a reversal, where no special charge thereon was requested.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

4. EVIDENCE (§ 105*) — RELEVANCY — CONDITION OF SUBJECT-MATTER.

In an elevator company's action to recover for a shortage in wheat delivered by a carrier, where the testimony indicated that certain scales were often tested with plaintiff's wagon scales, and that the two were always balanced, evidence that such wagon scales were correct in 1910 was admissible to show that the other scales were correct early in February, 1911.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 169–176; Dec. Dig. § 105.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by the Justin Mill & Elevator Company against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Robert H. Hopkins, of Denton, for appellant. Zumwalt & Key, of Denton, for appellee.

SPEER, J. The Justin Mill & Elevator Company sued the Gulf, Colorado & Santa Fé Railway Company to recover the sum of $107.12 for an alleged shortage in five cars of wheat received by it over the defendant's line of railway on February 4, 1911; the contention of plaintiff being that the grain, as received by it, did not weigh as much as the invoice weights shown in the bill of lading issued by the railway company.

The cause was thus submitted to the jury: "If you find, from a preponderance of the evidence, that when the cars arrived at Justin, Tex., they contained a less number of bushels of wheat than shown by the bill of lading to have been received by the defendant for shipment, you will find for plaintiff the value of such shortage, if any, or what you find from the evidence to be the value per bushel thereof at Justin, Tex. If you find from the evidence that when the cars arrived at Justin, Tex., they contained the number of bushels of wheat shown by the bills of lading to have been received by defendant for shipment, you will find for the defendant railway company."

There was a verdict and judgment for the plaintiff, and the defendant appeals.

[1] It is complained that the second section of the charge is error in that the same authorized the jury to find for the appellant only in the event they found that said cars contained the number of bushels of wheat shown by the bills of lading, and that it did not permit the jury to consider whether or not the scales of appellee were out of plumb and weighed minus, nor did it permit them to determine what the shortage actually was. We think these criticisms are without merit, since the charge very pertinently submitted to the jury to find, under all the evidence, whether or not there was a shortage in weights, as contended for by appellee.

[2] The special charge made the basis of the second assignment of error was properly refused because, as above indicated, the main issue of the case was already fairly submitted, and this special charge would have been but a repetition of it in different phraseology.

[3] The third assignment, complaining that the court erred in failing to charge on the burden of proof is overruled because in the charge given the appellee, in order to recover, was required to show, by a preponderance of the evidence, that there was a shortage in the weight, and, if this was not sufficiently definite upon the burden of proof, a special charge should have been requested, which was not done. The second special charge already referred to contained a charge which appears to be correct on the burden of proof, but the special charge being submitted as a whole, and having been correctly refused for reasons already given, the cause cannot be reversed for the failure to give a more definite charge on the burden of proof.

[4] The testimony of the witness Holloway as to the correctness of the wagon scales of appellee during the year 1910 was properly admitted, since it tended to show the correctness of the Hopper scales on which the wheat in controversy was weighed. The testimony indicated that the Hopper scales were often tested with the wagon scales, and the weights on the two scales would always balance. That the wagon scales were always found to be correct during the year 1910 was, under these circumstances, admissible to show that the Hopper scales were also correct early in February, 1911.

There is no error in the judgment, and it is affirmed.

CONNER, C. J., not sitting.