ANTHONY v. HARDIN, Sheriff, et al.
(No. 760.)

(Court of Civil Appeals of Texas. Amarillo. April 3, 1915.)

1. EXEMPTIONS ☞13 — TOOLS AND IMPLEMENTS OF TRADE—ABANDONMENT OF TRADE.
    One conducting a moving picture show who did not show for two or three weeks, but who then opened up for two or three nights to some prospective purchaser, but who after two or three exhibitions closed the business, and who informed an officer having an execution that he had quit, and did not expect to open up the business, had abandoned the business, and the appliances used therein, exempt while the business was continued, were subject to execution.
    [Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 12; Dec. Dig. ☞13.]

2. APPEAL AND ERROR ☞724, 736 — QUESTIONS REVIEWABLE—ASSIGNMENT OF ERROR.
    An assignment of error which contains several specifications of error, and which is argumentative, and which violates the court rules on the subject, will be disregarded.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022, 3028, 3029; Dec. Dig. ☞724, 736.]

Appeal from District Court, Roberts County; F. P. Greever, Judge.

Action between C. H. Anthony and O. B. Hardin, Sheriff, and another. From a judgment for the latter, the former appeals. Affirmed.

Troy Smith, of Miami, and Baker & Willis, of Canadian, for appellant. C. Coffee, of Miami, and Hoover & Dial, of Canadian, for appellees.

HENDRICKS, J. O. B. Hardin, one of the appellees, as sheriff of Roberts county, levied an execution upon certain property previously used by the appellant for the purpose of conducting a moving picture business, and the exemption of this property at the time of the levy is the issue in the cause.

Treating the property as subject to exemption, when used for the purpose of conducting the business for which the same is adapted, in accordance with the opinion of the Dallas Court of Civil Appeals in Campbell v. Honaker's Heirs, 166 S. W. 74, however, we think the finding of the trial court is sufficiently sustained by the testimony that the use of the property applicable to the moving picture business, and that the business itself had been abandoned by the appellant at the time the levy was made.

[1] Viewing the record from appellees' standpoint, as it should be viewed, as one of sufficiency to sustain the issue of abandonment, it is disclosed that the sheriff, when the execution was placed in his hands for levy, sought the appellant, and discussed with him the matter of the execution; and in their conversation appellant stated that he had lost $700 in conducting the business, and had closed it down for good, except that he "was going to run it two or three nights," and thought that he could get the sum of $50 out of it, at the same time having a prospective purchaser and desiring to sell it, and to demonstrate what the business would do.

Appellant testified:

"At the time I showed the last time I had not been showing for two or three weeks. Q. You stopped showing for some two or three weeks, and then opened up for two or three nights to

some prospectives? A. No, sir; not altogether. I had a chance to make some money."

The record discloses that after the two or three exhibitions, as indicated, the business was not continued. Appellant said:

"I closed it down on the 14th day of February, 1914. On the 12th, 13th, and 14th we showed the 101 Ranch pictures."

The execution was levied the 16th of February. Before the sale of the property under execution the appellant gave written notice to the appellee Hardin that he claimed the property as exempt. The sheriff, however, said that:

"At the time of the sale Mr. Anthony [the appellant] was present; he was pointing out things to me; he divided the slides; there were some of them that belonged to people in town; and he was right there helping to dispose of the stuff. I do not remember his consulting with me with reference to the price of anything only just the moving picture machine. I remember making the mistake he said on the price, and he corrected me. He did not make any objection at all at that time."

This officer again said, evidently referring to the conversation occurring previously to the time of the actual levy:

"He [Anthony] told me before I went to levy on the stuff * * * that he had quit and never expected to open it up any more, * * * and, if he had not made that statement, I would not say what I would have done."

Justice Gaines said, in the case of Willis v. Morris, 66 Tex. 628, 1 S. W. 803, 59 Am. Rep. 634:

"A lot in a town or city occupied as a place of business, * * * ceases to be exempt when the business is abandoned. * * * In analogy to this rule, we think that, when a mechanic abandons his trade, his tools are no longer exempt from execution."

See, also, McCord-Collins Co. v. Lazarus, 50 S. W. 1048.

If at the time of the levy of the execution the moving picture business had been "closed" by appellant as his occupation, without any intention of resumption, the moving picture "apparatus" was subject to levy; and the notice to the sheriff just before the sale claiming the property as exempt could only be regarded for what it was worth, and did not restore the exemption; the lien of the execution had attached. Appellant argues that the statements, if made by him, were mere chance statements, inconsiderately made, and should not be weighed against him as a circumstance of abandonment. Of course, the value of declarations and admissions may be weakened or strengthened according to conditions; but we think in this instance the existent conditions when the declarations as to intention were made strengthen the value of the same as corroborative of appellant's scienter in regard to his business. He was approached by the sheriff with an execution; the matter was discussed, and the moving picture business was mentioned; the appellant knew that the officer had the property in view, and prevailed upon him not to levy, and the appellant made the unequivocal statement that he was through with the business except for two or three nights, as suggested; the business had been closed for two or three weeks previously to the temporary opening, and thereafter again "closed down" in conformity with the very declaration made. Under the conditions, we think the statements have considerable weight, especially connected with the actual happenings, as proof of a definite intention in regard to the business; while the testimony of the sheriff as to the actions of the appellant at the time of the sale and the actual manifestations of the appellant at said time may be of slight significance as to the mind of the appellant, but we are not prepared to say, notwithstanding appellant had previously given notice that he claimed the property as exempt, that what he did at that time should be entirely disregarded as without any probative value. It is true that our Supreme Court has said that upon the cessation of business in a business homestead by a failing debtor a reasonable time should be permitted for resumption. Scheuber v. Ballow, 64 Tex. 168; Gassoway v. White, 70 Tex. 477, 8 S. W. 117. Those cases were unaccompanied by any declaration of a definite intention by the debtor, and, as Chief Justice Stayton said in Tackaberry v. Bank, 85 Tex. 494, 22 S. W. 153:

"But it never has been held that the exemption would continue if, at the time the assignment was made, there was no intention to continue on the premises the former business, or to pursue some other character (of business) such as to give exemption."

[2] The first assignment of error, attempting to raise the issue discussed herein, upon the objections of appellee, is disregarded. It contains in reality several specifications of error, is argumentative, and violates practically every rule on the subject of proper assignments. However, we have concluded to decide the case on its merits, under the third assignment of error in appellant's brief.

The judgment of the lower court is affirmed.