It is therefore ordered that the judgment be reversed, and the cause remanded.

## On Motion for Rehearing.

HAWKINS, J. The state has filed motion for rehearing, insisting that we were in error in holding the application for suspended sentence should have been considered although not filed before the beginning of the trial. We did not intend to convey the idea that the statute providing that such application should be filed "before the trial begins" (article 865b, C. C. P.) is to be ignored. The decisions of this court are to the contrary. Monroe v. State, 70 Tex. Cr. R. 245, 157 S. W. 154; Williamson v. State, 72 Tex. Cr. R. 618, 163 S. W. 435; Muldrew v. State, 73 Tex. Cr. R. 463, 166 S. W. 156; Wilson v. State, 85 Tex. Cr. R. 148, 210 S. W. 802. In the latter case it was uncertain whether there had been an announcement of ready, and upon that issue the opinion was based. Under only extraordinary conditions should the court permit the plea for suspended sentence to be filed after announcement by both parties. The state has a right to know if the issue is to be tendered in order to prepare to meet it. In the instant case, when the application was presented, appellant expressly waived any objection to reopening the case by the state on the issue tendered. There was no claim by the state that it was unprepared to meet it because of the delay in filing; if so the application could properly

have been stricken out. Believing counsel for appellant was deterred from presenting the application under the holding in Weatherford v. State, 73 Tex. Cr. R. 441, 166 S. W. 149, which was modified in the Hill cases cited in our original opinion, we believed that under the peculiar facts of the instant case the ends of justice demanded that the application should have been considered. However, we adhere to the correctness of the announcement of the general rule in the other cases cited herein.

The motion for rehearing is overruled.

## PANHANDLE GRAIN & ELEVATOR CO. v. DOWLIN et al. (No. 2000.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 3, 1923. Rehearing Denied Jan. 31, 1923.)

1. **Appeal and error** ⟨Key⟩742(3) — **Matters argued not considered unless included in propositions of error.**

Insufficiency of the pleading to state the amount due under the contract sued upon, though urged in argument, will not be considered where not included by plaintiff in error in his several propositions.

2. **Pleading** ⟨Key⟩205(2)—**Petition failing to allege fact essential to recovery subject to general demurrer.**

Where a fact necessary to be proved to sustain a recovery is neither alleged, nor fairly inferable from the facts alleged, the petition is subject to general demurrer.

3. **Pleading** ⟨Key⟩403(2) — **Allegations in complaint aided by answers.**

In an action against an elevator company and carriers to recover value of grain shipped by plaintiff, allegations in the petition alleging loss between time of delivery to first carrier and delivery to elevator company, though not a positive allegation of delivery of the entire shipment, was sufficient in view of the answers, one carrier pleading delivery to the other, and it in turn pleading delivery to grain company, and the latter denying delivery.

4. **Accord and satisfaction** ⟨Key⟩26(1)—**Burden of proof rests on party relying on agreement.**

In an action for value of grain shipped, where defendant alleged accord and satisfaction by plaintiff's acceptance of a check bearing notation "Bal.," etc., the burden of proof was upon defendant to establish such defense.

5. **Accord and satisfaction** ⟨Key⟩26(3)—**Evidence sufficient to warrant finding no agreement.**

Conflicting evidence *held* sufficient to support finding that a check containing a notation "Bal. 83336 Trans M. P. 37412," paid to plaintiff by defendant following shipment of grain, was not an accord and satisfaction of all claims for grain included in such shipment.

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Accord and satisfaction ⚖️2(2)—No bar as to matters not contemplated.**

An accord and satisfaction does not operate as a bar to the recovery of any sums arising from matters not contemplated by the agreement.

**7. Appeal and error ⚖️1033(4) — Submission of special issue favorable to plaintiff in error harmless.**

Where the issue was accord and satisfaction based on a check containing the notation "Bal.," the submission of a special issue "did plaintiff know when he accepted the check that it contained the notation 'Bal. Due,'" was more favorable than defendant was entitled to have, and such error was harmless.

**8. Trial ⚖️251(1)—Theory of parties should govern instructions, where pleadings are not clear and no demurrers urged.**

Where allegations are not clear and no demurrers have been urged, the court should charge the jury in accordance with the interpretation of the pleadings acted upon by the parties.

**9. Appeal and error ⚖️837(4)—Objections to pleadings raised for first time present only fundamental error and require review of all pleadings.**

Where no demurrers were interposed to the petition, and no rulings involving its sufficiency were made below, exceptions on error present only fundamental error, and the propositions call into review the entire record and require the examination of all pleadings.

**10. Appeal and error ⚖️193(6)—Pleading ⚖️403(1)—Uncertainty and indefiniteness not raised by special demurrer cured by pleading of adverse party; no fundamental error where defective allegations cured by adverse pleadings.**

Uncertainty and indefiniteness in pleading, not raised by special demurrer, cannot be complained of on appeal by suggestion of fundamental error, if such defects are supplied or cured by affirmative allegations in the pleadings of the adverse party.

**11. Witnesses ⚖️255(8)—May refresh memory from original records.**

In an action against consignee and carriers for the value of wheat shipped by plaintiff, witnesses for defendant carriers were properly permitted to refresh their memories from original records.

**12. Carriers ⚖️134—Evidence held sufficient to sustain apportionment of loss between carriers and elevator company.**

In an action by shipper to recover from grain company and carriers value of grain lost in transit, evidence *held* sufficient to sustain verdict as to amount of loss chargeable to each defendant, the difficulty in determining the matter not being sufficient ground for setting aside the verdict.

**13. Judgment ⚖️194—Sufficient though disposing of certain issues only by implication.**

In an action by consignor against connecting carriers for loss in transit, and against consignee in the alternative for value of wheat delivered and not paid for, a judgment not in terms disposing of all the issues as between all the parties was nevertheless sufficient as disposing of such issues by implication.

**14. Appeal and error ⚖️1056(2)—Exclusion of evidence not affecting controversy between plaintiff in error and defendant in error not prejudicial.**

In consignor's action against carrier for loss in transit and in the alternative against consignee for delivery of grain not paid for, the exclusion of evidence offered by the consignee that loss was due to delay by carrier and damaged condition of the car was not prejudicial, as it tended to show a cause of action between shipper and carrier, and had no bearing on controversy between consignor and consignee.

**15. Evidence ⚖️519—Expert testimony that loss in transferring wheat would indicate defective scales not admissible.**

Expert testimony offered to show that a loss in transferring wheat from one car into another would indicate that either the scales at point of shipment, or the scales used after the transfer were inaccurate, was properly excluded.

**16. Appeal and error ⚖️972—Trial ⚖️106—Court's discretion in directing order of argument between adverse defendants not revised unless injury shown.**

Where several defendants plead over against each other, the order of argument is within the sound discretion of the trial court, and its action will not be revised, unless injury is clearly shown.

**17. Trial ⚖️85—General objection to evidence, part of which is admissible, unavailing.**

An objection made to all of the testimony tending to show that weighing machinery used by defendant varied materially, from other accurate scales in registering weights, is unavailing, where part of the testimony was admissible.

**18. Evidence ⚖️105 — Accuracy of weighing apparatus may be shown by comparison with others.**

Where correct weighing is involved, the accuracy of the scales or other weighing machinery may be shown by comparison of operation with others of the same general character, which the evidence shows to be accurate.

**19. Appeal and error ⚖️742(1)—Argumentative and abstract propositions of error insufficient.**

Propositions on error should point out specific errors complained of as shown by the record, and general statements of abstract rules or arguments are insufficient.

On Rehearing.

**20. Pleading ⚖️34(1)—Presents issues if adverse party is sufficiently informed as to evidence required to meet its allegations.**

To determine whether a pleading presents a certain issue, it may be looked at from the

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

standpoint of the adverse party to ascertain, if its allegations sufficiently notify him that the evidence offered will be produced or that he will be called upon to present evidence to meet it.

**21. Appeal and error ⚷⟶171(3)—Fundamental error not available to pleadings where, notwithstanding defective allegations, case was tried on plaintiff's theory.**

In an action against grain company for value of wheat shipped, where the statement of facts on error shows that defendant understood that delivery was claimed, tried the case upon that theory, interposed no demurrer, and met the issue by evidence, defendant cannot predicate fundamental error upon defective allegations of delivery.

**22. Pleading ⚷⟶403(2)—Objection to indefinite allegation of date claim was due held not available in view of answer.**

In an action by shipper against grain company for grain delivered and not paid for, failure to specifically allege the date when the claim was due is not available to defendant, where the answer did not allege premature suit, but did allege accord and satisfaction.

Error from Randall County Court; Worth Jennings, Judge.

Action by the Panhandle Grain & Elevator Company against Tom Dowlin and others. Judgment for plaintiff against the defendant named, and it brings error. Affirmed, and motion for rehearings overruled.

Adkins & Kimbrough and Underwood & Jackson, all of Amarillo, for plaintiff in error.

Madden, Trulove, Ryburn & Pipkin, F. A. Cooper, S. E. Fish, C. E. Gustavus, and Earl Wyatt, all of Amarillo, and N. H. Lassiter, of Fort Worth, for defendants in error.

HALL, C. J. Defendant in error, Dowlin, sued the plaintiff in error, also the Panhandle & Santa Fé Railway Company, and the Chicago, Rock Island & Gulf Railway Company, in the county court of Randall county, alleging, in substance, that he sold to the grain company 78,546 pounds of wheat, for which the said grain company agreed to pay him the sum of $2.02 per bushel; that he delivered said wheat to the Panhandle & Santa Fé Railway Company at Canyon, Tex., which company accepted and agreed to deliver the same to the grain company; that the Panhandle & Santa Fé Railway Company thereafter delivered said wheat to the Rock Island & Gulf Railway Company on its transfer at Amarillo; that the cars furnished by the Panhandle & Santa Fé Railway Company were old, the doors were old and leaky, and upon arrival of the wheat at the elevator of the grain company there was left only 72,480 pounds of the shipment; that he was unable to say whether the loss occured while in possession of the Panhandle & Santa Fé

Railway Company or the Chicago Rock Island & Gulf Railway Company, but there was a loss of 6,066 pounds of wheat between the time it was delivered to the Panhandle & Santa Fé Railway Company and its delivery to the Panhandle Grain & Elevator Company; that the wheat had been sold to the Panhandle Grain & Elevator Company for $2.02 per bushel, whereby defendant had been damaged in the sum of $224.22; that said amount was long past due and unpaid, and that said carriers, though often requested, had failed and refused to pay the same or any part thereof.

In the alternative defendant in error alleged that if he was mistaken in charging that said 6,066 pounds of wheat was lost by said carriers, then, as heretofore set out, he alleges he sold 78,546 pounds of wheat to the Panhandle Grain & Elevator Company, and that it had agreed and promised to pay him $2.02 per bushel; that it had paid him for all of said wheat except 6,066 pounds, which was of the value of $204.23, and although past due and unpaid and though often requested, the grain company has failed and refused to pay it or any part thereof. He prayed for judgment against the carriers and in the alternative that, if the court should find the carriers had delivered the wheat to the grain company, then he prayed for judgment against the grain company in the sum of $204.22. The Chicago Rock Island & Gulf Railway Company alleged that the full amount of wheat which had been shipped and delivered to it for transportation was duly transported and delivered to the Panhandle Grain & Elevator Company. The grain company alleged that the car of grain in question was placed at its elevator in Amarillo and unloaded and that they accepted and paid for 72,480 pounds of wheat, and payed for judgment against the first carrier for the loss of 6,066 pounds. It alleged settlement in full for all the wheat it had received. To each of these pleadings the defendant in error filed general denial and pleading other facts not necessary to be stated in this connection.

[1-3] Under several propositions the plaintiff in error insists that the pleadings do not support the judgment in that it is not alleged that more than 72,480 pounds of grain were delivered to it. In the argument upon these propositions it is further urged that the pleading does not state when the amount was due under the contract. There being no proposition to this effect, the only question to be considered is the sufficiency of the pleadings upon the issue of delivery. No exceptions were urged to any of the pleadings of the defendant in error, and the error is presented here as fundamental. If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the

petition nor fairly inferable from facts alleged, such petition is subject to a general demurrer. Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015. It is not necessary for plaintiff to allege matters set up in the pleading of the opposite party. Reference to the above brief summary in part of the pleadings will show that the objection urged under these assignments is without merit. Defendant alleges the loss of a certain number of pounds "between the time it was delivered to the Panhandle & Santa Fé Railway and its delivery to the Panhandle Grain & Elevator Company." This is not a positive allegation of delivery of the entire shipment. He pleaded in the alternative that, if the loss was not chargeable to the carriers, then that he have judgment against the grain company for the full amount of the balance due. Davis alleges the delivery of 77,900 pounds to him and its delivery to the Chicago, Rock Island & Gulf Railway. The Chicago, Rock Island & Gulf Railway pleaded the delivery to the grain company of all the wheat which had been delivered to it, and the grain company alleged that only 72,-480 pounds had been received from the Chicago, Rock Island & Gulf Railway Company. This allegation was denied by defendant in error and was sufficient to admit proof of delivery and of whatever amount had been delivered. Fitzhugh v. Conner, 32 Tex. Civ. App. 277, 74 S. W. 83. Plaintiff in error alleged the payment of all that was due, and this allegation is denied by supplemental petition. The pleadings of the grain and elevator company are not as full as they probably should be, but because of facts which may reasonably be inferred from those pleaded, as well as deficiencies being supplied by pleadings of the opposite parties, we overrule the contention. Southern Commercial & Savings Co. v. Combs (Tex. Civ. App.) 203 S. W. 1169; rule 62a (149 S. W. x).

[4-6] Plaintiff in error defends in part by alleging an accord and satisfaction by reason of the acceptance by defendant in error of a check which contained this notation, "Bal. 83336 Trans M. P. 37412." This check was in the sum of $440.16, and it is insisted that because Dowlin accepted the check as second payment upon the amount due it constituted and accord and satisfaction, and that he is estopped from claiming any more. We doubt if the notation on the check is sufficient of itself to show that it is payment in full for any balance due. The insistence is that, because defendant in error did not seek to set aside the accord and satisfaction by pleading some equitable ground, the court should have directed a verdict for plaintiff in error. As we understand the issues, Dowlin did not attempt to set aside an accord and satisfaction but simply denies that there had been any such agreement. His denial placed the burden of proof upon plaintiff in error to establish such defense. The evidence is conflicting upon the issue, but it is sufficient to support the finding that there was no accord and satisfaction. The allegation of an accord implied an agreement (Hunt on Accord and Satisfaction, § 1), as well as a prior controversy. Dowlin pleads that, at the time he accepted the check, the grain company's officer assured him that only 72,480 pounds of wheat had been received; that the grain company's scales were correct, and he asserts that he did not release the company from the payment of any balance that might be due him, and that there was no such agreement. An accord and satisfaction does not operate as a bar to the recovery of any sums arising from matters not contemplated by the agreement. 1 C. J. 524.

The judgment decrees that the defendants against whom no recovery was awarded shall recover their costs of the plaintiff, and the costs must be taxed accordingly.

[7] The court submitted the issue: "Did the plaintiff Dowlin know when he accepted the check for $440.16 from the elevator company that it contained a notation 'Bal. Due'?" This issue does not correctly state the notation, and as the issue is submitted it is more favorable to plaintiff in error than it was entitled to have under the facts. So the error, if any, is harmless.

[8-10] The court should charge the jury in accordance with the interpretation of the pleadings acted upon by the parties, when the allegations are not clear and no demurrers have been urged. Blum v. Whitworth, 66 Tex. 350, 1 S. W. 108, and we think this has been done. Plaintiff in error has favored us with an instructive and exhaustive brief upon the sufficiency of the pleadings as against general and special demurrers, but no demurrers were urged in the trial court. No rulings were made upon the sufficiency of Dowlin's pleadings, so the case is before us and must be considered as presenting only fundamental error. In such state of the record the propositions call into review the entire record and require us to examine the pleadings of all parties. Uncertainty and indefiniteness in a pleading must be raised by special demurrer, and if raised by suggestion of fundamental error after appeal, and defects in the pleadings of the plaintiff which have been supplied or cured by affirmative allegations in the pleadings of any of the defendants in error, the error is cured, and in determining this matter we must take into consideration the general denial pleaded by plaintiff in his supplemental petition. G. C. & S. F. Ry. Co. v. Anderson, 76 Tex. 244, 13 S. W. 198; Willis v. Lockett (Tex. Civ. App.) 26 S. W. 419; Gaston v. Wright, 83 Tex. 282, 18 S. W. 576; Barnes v. Patrick, 105 Tex. 146, 146 S. W. 157.

[11-13] Under several propositions the action of the court in permitting certain witnesses for the carriers to testify as to what

their records show with reference to inspection and condition of the cars is attacked. This, of course, is a collateral inquiry, and all the testimony simply bears upon the ultimate fact of where the wheat was lost after it was first loaded in the car. A witness has the right to refresh his memory from original records, but aside from this testimony the evidence is sufficient to sustain the finding of the jury as to the amount of loss charged to each defendant. Where cars leak and scales are subject to suspicion and wheat has been transferred from one car to another, there is, of course, great difficulty in fixing the exact amount of loss chargeable to the several parties at fault, but difficulty in determining this matter is not sufficient grounds for setting aside the finding of jurors who heard all the testimony and are better able to make an estimate than an appellate court. It is true that the judgment does not in terms dispose of all the issues as between all the parties, but we think it is sufficient to meet the requirements of the rule laid down by the Supreme Court in the following and other cases. Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357.

[14, 15] The court excluded the testimony of Hunter, an officer of the grain company, to the effect that, because of the delay in transporting the car by the Panhandle & Santa Fé Railway Company and because of its damaged condition upon its arrival at the grain company's elevator, the loss resulted. If this evidence had been admitted it would not have shown any controversy between Dowlin and the grain company. On the contrary, its effect would have been to show that Dowlin had a cause of action against the carrier and not the grain company. Its exclusion, therefore, was not prejudicial. The question asked the witness Cannon, who was testifying as an expert, to the effect that if a loss of 40 pounds in reloading wheat from one car into another would indicate that either of the scales upon which the wheat had been previously and subsequently weighed was incorrect, was not a subject for expert testimony.

[16] Where there are several defendants in cases of this character pleading over against each other, the matter of directing the order of argument is within the sound discretion of the trial court and its action will not be revised unless injury is clearly shown.

[17, 18] Objection was made to oral evidence of several witnesses and to certain written evidence, presumably office records and scale tickets, tending to show that the scales used by plaintiff in error varied materially in registering weights from the weights registered by other scales which witnesses had testified were accurate. The testimony was admissible at least in part, and the objection was to the whole of it. The accuracy of scales or any other machinery may be shown by comparing their operation with others of the same general character, which the evidence shows to be accurate. G. C. & S. F. Ry. Co. v. Justin M. & E. Co. (Tex. Civ. App.) 168 S. W. 411.

[19] Several of the propositions in the brief of plaintiff in error are either arguments or merely general statements of abstract rules of law applicable to any case in which such questions may be involved, and are insufficient. Anthony v. Hardin (Tex. Civ. App.) 175 S. W. 857; Henyan v. Trevino (Tex. Civ. App.) 137 S. W. 458; Texas, etc., Ry. Co. v. Middleton, 27 Tex. Civ. App. 481, 65 S. W. 378; Texas, etc., Ry. Co. v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21; 101 Tex. 662; G. C. & S. F. Ry. Co. v. Nelson (Tex. Civ. App.) 139 S. W. 81; Id., 108 Tex. 305, 192 S. W. 1056. A proposition should point out with certainty the specific error complained of, as shown by the record. Ross v. Moskowitz, 100 Tex. 434, 100 S. W. 768; M. K. & T. Ry. Co. v. Maxwell, 104 Tex. 632, 143 S. W. 1147; 61 Tex. Civ. App. 412, 130 S. W. 722; Estes v. Estes (Tex. Civ. App.) 122 S. W. 304.

Believing that a proper verdict and judgment have been reached in the trial, the judgment is affirmed.

## On Motion for Rehearing.

In deference to the earnestness, industry and ability of counsel for plaintiff in error, we have with great care reviewed the briefs and record in this case, but we feel constrained to adhere to our former judgment. The principal contention here is based upon suggestion of fundamental error, growing out of what plaintiff in error insists is the insufficiency of the plaintiff's pleadings. In addition to what has been said with reference to the pleadings of plaintiff, and any apparent defects therein being supplied by the facts alleged by the opposite parties, we call attention to the prayer of plaintiff's first amended original petition upon which the case was tried in the court below. He first prays for judgment against the carriers and the Director General thereof for the amount of his damages, and proceeds as follows:

"But in the event the court finds that the said defendant railway companies delivered said wheat to the Panhandle Grain & Elevator Company, then in the alternative he asks judgments against the Panhandle Grain & Elevator Company for $204.22, with 6 per cent. interest per annum from August 21, 1909, together with all costs of suit," etc.

In case of Southern Pacific Railway Co. v. Kennedy, 9 Tex. Civ. App. 232, 29 S. W. 394, it is said:

"The understanding which the court had of the petition, and upon which the case was tried

and submitted (the petition admitting of it), ought to prevail under these circumstances."

In the case of Ware v. Shafer et al., 88 Tex. 44, 29 S. W. 756, the Supreme Court said:

"The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action, or the defendant's defense, so that he may prepare for the trial of the issues thus tendered. Lemmon v. Hanley, 28 Tex. 220. To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be called upon to present evidence to meet it."

[20, 21] A review of the statement of facts demonstrates beyond question that the plaintiff in error clearly understood that it was being charged with the receipt and acceptance of the full amount of wheat loaded upon the cars at Canyon. The case was tried upon that theory. The trial court correctly construed the pleadings of all parties as presenting such an issue. That the pleadings did not present such an issue was not questioned by demurrer in the lower court, but plaintiff in error prepared its defense and introduced its evidence upon the theory that it was being charged with having received the full amount of wheat so loaded. Under such conditions, it would be the refinement of technical defenses, if such really existed, which we do not admit, to reverse this case upon suggestion of fundamental error, made in this court for the first time. It is said in M., K. & T. Ry Co. v. Farris (Tex. Civ. App.) 120 S. W. 535:

"The court did not err in overruling defendant's exceptions to the allegations of plaintiff's petition relating to the nature of his injuries, as the same were sufficiently full and specific to apprise the defendant of what it would be called upon to defend against."

And in the case of Elcan v. Childress, 40 Tex. Civ. App. 193, 89 S. W. 84, where pleas of five and ten years' statutes of limitations in an action of trespass to try title failed to set up facts necessary to constitute good pleas of limitation, the court said:

"Where * * * defendants proved without objection every element of the defenses, plaintiffs could not attack the sufficiency of the pleas to sustain the judgment for defendants, when the objection was raised for the first time after the judgment." (Writ of error denied by the Supreme Court.)

[22] There may not in verbis be an allegation as to the date when the amount sued for was due, but plaintiff in error did not allege that the suit was prematurely filed and, on the contrary, did allege that it had paid part of the claim under circumstances which amount to accord and satisfaction. In order to sustain the contention of plaintiff in error in this particular, we would have to presume that it had paid the debt before it was due, which as a matter of common knowledge would be a violent presumption, and that by its failure to plead premature action, it had negligently waived an opportunity to abate the suit, which in view of the industry, energy, and ability of its counsel, manifested herein, would be another more violent presumption. We think the pleadings as a whole are sufficient; that plaintiff in error had full notice of what issues it would be expected to meet; that the case has been tried upon that theory in the court below; and that it would be giving ear to an inconsistent contention and reversing a judgment upon an extremely technical ground to grant the motion.

The motion is therefore overruled.