## HALL MUSIC CO. v. ROBINSON.    (No. 356.)

Court of Civil Appeals of Texas.    Eastland.
May 4, 1928.

Rehearing Denied June 15, 1928.

1. Compromise and settlement ⊕⟹5(2)—Payment of part of undisputed liquidated debt does not bar recovery of balance, in absence of some new consideration.

Payment in cash of part of liquidated debt which is due and about which there is no dispute does not operate as bar to the recovery of residue, unless there has been some new consideration.

2. Principal and surety ⊕⟹161—Surety's payment of $52 on receipt of letter stating that was total amount due did not constitute evidence of payment of $720 note, where notice was intended merely to refer to installment.

Where principal amount of note was $720, surety's payment of $52 in accordance with letter stating that was the total amount due did not constitute evidence of payment, where it was shown that the notice was intended to refer to an installment and not to the entire note.

3. Principal and surety ⊕⟹159—Surety sued on note had burden to establish plea of payment.

In action against surety on note, burden of proof to establish plea of payment was on defendant.

4. Payment ⊕⟹76(5)—To raise issue of payment for jury, prima facie showing of payment is required.

One is required to make out prima facie case of payment in order to have that issue submitted to the jury.

5. Principal and surety ⊕⟹162(2)—Evidence of payment held insufficient to make issue for jury in suit against surety on note.

In suit against surety on note, in which surety claimed that payment of part of amount due constituted discharge of the note and relied upon condition of plaintiff's books, evidence was insufficient to make issue of payment for jury.

### On Rehearing.

6. Evidence ⊕⟹590—Testimony of interested witnesses, though presenting only fact issue, does not establish contrary contentions.

While testimony of interested witnesses presents only a fact issue, such testimony cannot be converted into positive testimony to the contrary.

7. Principal and surety ⊕⟹162(2)—Erasure on sheets of plaintiff's books held not to make issue of fact as to whether plaintiff's salesman got credits to which he was entitled, in suit against surety on salesman's note.

In suit against surety on note given plaintiff by its salesman, evidence that one of sheets of plaintiff's books showed an erasure was insufficient to make issue of fact as to whether salesman got all credits to which he was entitled.

8. Evidence ⊕⟹596(1)—Mere surmises and suspicions do not constitute evidence.

It is established rule of law that mere surmises and suspicions do not constitute any evidence.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Suit by the Hall Music Company against Jim Robinson. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Scarborough & Wilson, of Abilene, for appellant.

Stinson, Coombes & Brooks and W. W. Hair, all of Abilene, for appellee.

HICKMAN, C. J. Appellant sued appellee upon a promissory note for the principal sum of $720, bearing various credits. The note was executed by appellee as surety for one W. L. Shaffer. The petition alleged that Shaffer was "hopelessly insolvent" and that his address was unknown. Appellee's answer consisted of a general denial and a special plea, the substance of which was that on October 15, 1925, he paid appellant the sum of $52, which was the balance due and owing to the appellant in full satisfaction and discharge of the balance due upon the cause of action alleged in appellant's petition, and that appellant accepted and received said payment from him in full satisfaction and discharge of its cause of action. The plea might be said to be one of payment and also of accord and satisfaction. The case was submitted to the jury on one issue, as follows:

"Do you find that the payment of the said $52, as admitted by both parties, constituted payment in full of said note by the defendant Robinson?"

To this issue the jury answered "Yes," and judgment was rendered thereon that appellant take nothing.

[1] The only question presented for our decision is whether there was any evidence warranting the submission of this issue to the jury. In reply to a certified question in this case (1 S.W.[2d] 857), the Supreme Court answered that the sufficiency of the evidence to support the judgment was not presented by the assignment in appellant's brief, the only question presented therein being whether there was any evidence of payment. We have carefully studied the statement of facts to determine whether it contains any evidence that the note sued upon was paid in full by the $52 payment referred to in the issue. We need not consider the question of accord and satisfaction. The payment in cash of a part of a liquidated debt which is due, and about which there is no dispute, does not operate as a bar to the recovery of the residue in the absence of

some new consideration. S. A. Pace Grocery v. Guynes (Tex. Civ. App.) 204 S. W. 794; Panhandle Grain & Elevator Co. v. Dowlin (Tex. Civ. App.) 247 S. W. 873.

The evidence of payment contained in the statement of facts is as follows: The note declared upon and introduced in evidence was an installment note payable $100 on April 21, 1925, and $50 the 15th of each and every month thereafter until fully paid. W. L. Shaffer was employed by appellant as a salesman. By his contract he was to receive a commission on all sales. When sales were made on time no commission was due him until the purchase-money notes were collected, it being the duty of appellant to collect. Appellee signed the note in suit as surety, upon the request of Shaffer. Various payments were made upon the note by appellee. On September 25, 1925, appellee received a letter from appellant, as follows:

"Your note amount $50.00 and accrued interest amounting to $2.00, making a total due of $52.00, matures October 15th. Upon receipt of money order or bank draft for the amount due we will cancel and mail you the note.

"Trusting to receive remittance covering amount due on or before date of maturity, we are, Yours very truly, Hall Music Company, by M. Wilson.

"Please return this notice with your remittance."

[2] Upon receipt of this letter appellee sent to appellant his check for $52. It is conclusively disclosed in the evidence that the amount of the note remaining unpaid at that time far exceeded $52, and that the notice was intended to refer to the installment which would become due on October 15th rather than to the entire note. Viewing this situation as a whole, and in the light of the authorities, we conclude that this transaction does not constitute any evidence of payment. First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S. W. 874.

[3-5] It is contended by appellee that the condition of the books raised an issue of fact as to whether Shaffer was entitled to sufficient credits to pay this note in full. The record as it comes to us does not support this theory. W. J. Young, who had become manager after many of the entries were made on the books, did testify on cross-examination that there appeared to be an erasure in the books, but the testimony of M. Wilson, the bookkeeper, clearly accounts for each entry on the books and clearly shows that Shaffer has received credit for every sale made by him upon which collections were made. The deposition of Shaffer offered in evidence by appellee throws no light upon the subject, as he had no information as to how much credit was due him. The burden was upon appellee to establish his plea of payment, and in order to be entitled to have that issue submitted, the testimony should make out a prima facie case of payment.

It is our opinion that he failed to offer any evidence of probative force raising the issue of payment, and the judgment of the trial court should therefore be reversed and judgment here rendered for appellant. It is so ordered.

Reversed and rendered.

### On Rehearing.

Appellee earnestly insists that issues of fact were raised by the evidence on the question of payment. We have again reviewed the entire statement of facts in an effort to discover whether any evidence is contained therein raising a fact issue, and such study has confirmed us in the belief that a correct conclusion was announced in the original opinion. Appellee admitted the execution of the note for $720. There was no question as to the amount of payments made by him thereon. The only fact issue on the question of payment was whether Shaffer had received all the credits due him on sales made by him. Appellee's testimony on cross-examination with reference to the agreement had between him and the appellant's manager was as follows:

"No; he told me in that conversation that Shaffer had something over $400 commission due, if the notes representing the sales made by Shaffer were paid. * * * I do not know whether any notes were ever paid or not that Shaffer took for the Hall Music Company. I knew nothing of the repossession of the pianos or anything Shaffer sold."

[6] The burden was upon appellee, who had pleaded payment, to offer some evidence thereof. Not one scintilla of evidence was offered by him to show or tend to show that Shaffer did not receive all commissions coming to him, but it is insisted by appellee that, since the witnesses for appellant who testified to the fact that Shaffer did receive all credits coming to him were interested witnesses, their testimony presented only fact issues, and the jury was authorized to resolve such fact issues against appellant. While it is true that testimony of interested witnesses presents only a fact issue, yet that rule cannot be extended so as to convert such testimony into positive testimony directly contrary thereto. To illustrate, suppose A should sue B for damages caused by B's alleged negligence. A's testimony fails to raise any issue as to B's negligence, and B takes the stand and denies any acts of negligence. Such denial would not have the effect of furnishing positive evidence of his negligence.

[7, 8] It is again insisted that the fact that one of the sheets of the books offered shows to have had an erasure made at the top of it raises an issue of fact as to whether Shaffer got all the credits to which he was entitled. It is sought to convert that circumstance into positive evidence for appellee. This ques-

tion is decided adversely to appellee's contention in the familiar case of Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. Doubtless no other opinion by Justice Denman has been quoted and followed so many times as this one, and the rule there announced that mere surmises and suspicions do not constitute any evidence has become the established rule of law in our state. Appellant's books disclosed the names of each person to whom Shaffer had sold pianos and other musical instruments, and appellee could have brought to the court some evidence, if any existed, that some one of these purchasers paid appellant some money, or other thing of value, on his indebtedness, in which event Shaffer would have been entitled to some credits. This appellee did not do, but asks this court to uphold a finding of payment based upon mere surmises and suspicions with not one scintilla of positive testimony in support thereof. We cannot consent for a judgment relieving one from the payment of his obligations represented by his promissory note to stand upon that character of testimony.

The appellee's motion for rehearing is overruled.