Delivered December 5, 1890.

----

### WILLIAM HENDERSON . V. ISSY LANDA.

#### No. 6774.

**Payment — Evidence.**— See evidence held insufficient to prove payment of an account admitted to be correct.

APPEAL from Bexar.   Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Lane & Mayfield*, for appellant.—Where payment is relied upon as a defense, the burden of proving such payment is on him who alleges it. Appellee did not prove payment.   Hutchins v. Hamilton, 34 Texas, 290; Matossy v. Frosh, 9 Texas, 610; 2 Greenl. Ev., sec. 525.

No brief for appellee reached the Reporter.

COLLARD, JUDGE.— Plaintiff, the appellant, filed this suit in the Justice Court in Bexar County on a sworn account for sugar ($88.56) sold appellee, who answered under oath denying the account.   Judgment was rendered for Landa, appellee, on a verdict in his favor, and the cause was appealed by Henderson to the District Court, where again upon a verdict in favor of appellee judgment was rendered for him, and Henderson appealed.

The gist of the errors assigned is that the evidence does not support the verdict.

Wm. Henderson, appellant, testified by deposition: "I am in the sugar and molasses business in New Orleans as a dealer and refiner; have been

in one and the other since 1867.   *   *   *   This suit is to enforce payment of a bill of five barrels sugar that I sold and shipped Issy Landa. *   *   *   The bill has never been paid; neither I nor any one for me has ever received anything in payment therefor. I have never received from Issy Landa or any one else any check or draft in payment therefor; no person for me has received payment for said goods. I never sent any receipt to Issy Landa nor to any one acknowledging payment of said money, and no one for me has sent such receipt to my knowledge.   *   *   *   Since the time this debt was made to the present time Mr. F. R. Cogswell has been authorized to receive and collect moneys for me and give receipt therefor, and no one else has or had such authority. Francis R. Cogswell is my bookkeeper and cashier. He has been in my employment going on ten years. I have no partner in business."

F. R. Cogswell, witness for appellant, testified by deposition: "I am employed as bookkeeper and cashier by Mr. Wm. Henderson, and have been eight years or more. I know of the sale of sugar to Mr. Issy Landa. *   *   *   The amount due by Mr. Issy Landa has not been paid; no money or check from him has ever come into my hands in payment of this amount. I receive all the money and checks that come to Mr. Henderson in payment of goods, and give no authority outside of this city to any one to receive money or checks for him. I keep the cash account and post all cash entries to the respective accounts on the ledger, and I never had this amount to enter to his credit. I have been very familiar with this amount due by Mr. Landa, and never received it or sent him any receipt or acknowledgment for this amount ($88.56)."

Issy Landa, appellee, for self, testified: "The bill of $88.56 sued on by plaintiff is correct, but I have paid the same. I had plaintiff's receipt acknowledging payment thereof; this receipt was destroyed by fire among my other papers. Th. Schleuning came to see me several times about the bill, and I had my clerk Judah Robinson to bring the receipt, which I showed to Mr. Schleuning. I don't know the handwriting of Mr. Henderson or Francis R. Cogswell, and can't swear that the same was in the handwriting of either of them, nor by whom it was written, but it was on Mr. Henderson's letter head. I can't say when I sent the payment for said sugar, nor how. I don't remember whether I sent it by draft, registered letter, postoffice order, or otherwise, but suppose it must have been by draft, as this was my usual way of sending off payments; if by draft I can't say on what bank, nor whether on one in San Antonio, New Orleans, or elsewhere, but I sent payment to plaintiff through the mail in one of these ways, but can't say which; but I know I have paid it."

Judah Robinson, for defendant, testified: "I was employed working for Mr. Issy Landa during the spring and summer of 1887 and for some time before and after said date. I have seen Th. Schleuning in Issy Landa's place of business. I was told by Mr. Landa on one occasion to

get a receipt from Mr. Henderson showing the payment of this claim. I went to the folio and brought the receipt to Mr. Landa and he showed it to Mr. Schleuning. I don't know whether that receipt was for this particular bill or not, but it was a receipt for sugar."

Schleuning, in rebuttal, testified: "I sold the sugar to Mr. Landa. I went to see him several times. On one occasion, after I had repeatedly gone to see him, he showed me his ledger, which was balanced, showing payment. He never showed me any receipt, nor did his clerk, Mr. Robinson. The only showing he ever made to me of its payment was where his ledger showed that the account was balanced, and this was not done until after I had made repeated demands on him for payment."

The defendant admitted that the account was correct, but claimed that it had been paid. The burden of proof was upon him to establish this fact. 2 Greenl. Ev., sec. 516.

The evidence adduced by him does not prove the fact. All that it does show, supposing that every word he testified was true, was that he sent the money by draft, postoffice order, in a registered letter, or otherwise. The receipt of the money by plaintiff is not shown, and in view of the very uncertain statement of defendant as to how or when it was sent, we cannot say that any inference or presumption should arise that it was received. Defendant pleading payment should have come prepared to establish the fact, at least as one that might be reasonably inferred from some certain facts established. He did not show a receipt, or prove that the receipt he had was for the sugar in question or that it was genuine. The evidence of payment fell short of actual or satisfactory proof of the fact he was required to prove, and for this reason a new trial should have been granted. The judgment should be reversed and the cause remanded.

*Reversed and remanded.*