### HARRIS v. HUBBERT.

No. 1442.

Court of Civil Appeals of Texas. Eastland.

April 19, 1935.

Rehearing Denied May 17, 1935.

Smith & Smith, of Anson, for plaintiff in error.

F. L. Kuykendall, of Austin, for defendant in error.

LESLIE, Justice.

This is a suit on a promissory note executed and delivered to the plaintiff, B. Hubbert, by R. M. Harris, the deceased husband of defendant, Mrs. Cora Harris, survivor in community of their estate. The defendant entered a general denial and pleaded payment. At the conclusion of the trial before the court and jury, a judgment was instructed in favor of the plaintiff for the unpaid balance of the note. Mrs. Harris prosecutes error to this court. The parties will be referred to as in the trial court.

By the first assignment of error and four propositions thereunder, the defendant presents the contention that the court erred in instructing a verdict for the plaintiff. We have examined the testimony and find that no error was committed. The plaintiff's suit was on a promissory note for $4,500, less certain admitted credits. The note was dated January 18, 1929. The defendant pleaded payment in that she paid to the plaintiff $2,500 December 15, 1929, and the same amount December 15, 1930. The two $2,500 transactions occurred, but the evidence is conclusive that the note was not paid thereby. The transactions were, to say the least, peculiar, but there can be no doubt about their character, and that neither the plaintiff nor the defendant ever intended them to have the effect of discharging the note in suit.

As the 1st of January, 1930 and 1931, approached it seemed that the plaintiff realized that the unpaid note would become a proper subject for rendition for taxes. He owed $1,500, and by apparently collecting as much as $2,500 on the note, it occurred to him that there would be no obligation on his part to render the balance of the note as it would be offset by the indebtedness. Immediately after the first of the year, the $2,500 would be returned to the defendant, but the original obligation necessarily remained undiminished by such purported payment. Each payment was so handled and so understood by the litigants. In the language of the testimony, the payment "was applied temporarily by agreement."

R. M. Harris, the maker of the note, died intestate April 17, 1929. The defendant, Mrs. Cora Harris, is the community administratrix of the estate, having qualified as such by giving bond and taking oath required by law March 7, 1933. The note was dated January 18, 1929, and bore the following undisputed credits:

| | | |
|---|---|---|
| June 6, 1929 | $500 | |
| December 12, 1929 | 240 | (a credit of $3.69 overpayment of interest was taken from this $240 leaving actual payment of $236.31 indorsed on note) |
| December 26, 1930 | 227.50 | |
| December 31, 1931 | 100.00 | |
| February 3, 1932 | 75.00 | |
| February 23, 1932 | 25.00 | |

It will be observed that each of these payments was made after the death of R. M. Harris, and while his estate was in charge of his wife. In fact, they were all, except the first two, made after the "temporary credit of $2,500" was given on December 15, 1929, and on December 15, 1930. These payments, undisputed and accepted, cannot be explained on the defendant's theory that the debt was discharged by the simulated payment of $2,500 just before the approaching date of January 1st of said years.

Further, the inventory and list of claims sworn to and filed by Mrs. Harris, as community survivor, on March 7, 1933, listed the note in suit as an indebtedness due by the estate. Obviously, this was long after the simulated payment.

Also, the plaintiff's debt not having been paid within one year after the filing of the above inventory and appraisement, etc., he proceeded under article 3673 et seq., R. S. 1925, to have defendant cited to appear at a regular term of the court and make exhibit in writing and under oath showing the status of the estate, etc. In response to this motion, the defendant filed her report, making therein a rather indefinite reference to the plaintiff's debt stating "no claims against said estate having been presented to me for allowance, however my attention was called to a promissory note appearing to have been signed by the deceased R. M. Harris, and payable to B. Hubbert," plaintiff herein. This report was sworn to and

filed March 31, 1934, and made no suggestion that the note had been paid.

The testimony of F. C. Pool, the banker, familiar with the transactions, refutes the idea of payment and corroborates the plaintiff's theory of the case, as well as the explanation of said transactions. Although Mrs. Harris is the defendant in the case and held a community interest in the estate of her deceased husband, she did not testify upon the trial of the case. Her failure to testify is unexplained.

Plaintiff was in possession of the note, sued thereon. The defendant, having pleaded payment, assumed the burden of establishing the same. Hall Music Co. v. Robinson (Tex. Civ. App.) 7 S.W.(2d) 625; Henderson v. Landa, 79 Tex. 39, 14 S. W. 891; article 2004, R. S. 1925, and authorities thereunder; 32 Tex. Jur., p. 710, § 41, and numerous authorities there collated.

She in no way discharged the burden assumed by her. No issue of payment was raised. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

Assignment No. 2 is based upon bill of exception No. 1 to the ruling of the trial court in admitting the order, or judgment, of the probate court on the hearing in response to plaintiff's motion to have the community administratrix file exhibit, etc., heretofore mentioned. By reference to the bill of exception, the defendant merely "objected and excepted" to the ruling of the court, without assigning any reason why the testimony was inadmissible. The bill shows no grounds upon which the evidence was objected to, and its admission cannot, therefore, be reviewed. 3 Tex. Jur., p. 477, §§ 334, 335, and authorities.

There is no error presented by the assignment of error No. 3. It appears to be based upon a ruling of the court in admitting the inventory and appraisement of Mrs. Harris when she qualified as community administratrix of said estate. The only objections urged were that the inventory seemed to have been changed. The record does not support the contention, and the ruling of the trial court is against it. Further, the instrument was admissible under art. 3300, R. S. 1925.

The plaintiff's right to a judgment is conclusively shown by the testimony. For the reasons assigned, the judgment of the trial court is affirmed.